Rodgers *et al. vs.* Rosser.

R. W. RODGERS *et al.*, plaintiffs in error, *vs.* E. B. ROSSER, defendant in error.

1. If, after the maturity of a note, a new party sign it as surety for the original maker, and a new stipulation be introduced increasing the rate of interest, no time of payment being expressed, the *prima facie* import of the instrument then is, that it is payable immediately, and that the surety, as well as the principal, is bound for the whole debt.

2. Where no consideration is expressed for the new elements, either party may go into parol evidence to show that there was, or was not, a consideration for them; and, if any, what it was.

3. If it was part of this consideration that the creditor should give indulgence until a certain law-suit was determined, he cannot maintain an action brought while that suit is still pending.

4. But the note being absolute and unconditional, the defendants cannot prove by parol evidence that it was to be surrendered up if that suit did not result in a particular way, without pleading and proving that this stipulation was agreed to be inserted in the note, and was left out by fraud, accident or mistake.

5. The note, when altered by the new contract, being in the hands of a *bona fide* holder for value, who acquired it before maturity and without notice of

any defect in the original consideration, evidence tending to show a failure of the original consideration was properly excluded.

6. The interest found by the jury being slightly too much, a new trial is granted.

Contracts. Promissory notes. Evidence. New trial. Before Judge HALL. Rockdale Superior Court. April Term, 1876.

E. B. Rosser brought complaint against R. W. Rodgers, as principal, and W. J. Tucker, as security, on three promissory notes, each in the following form :

"By the 25th day of December, 1874, I promise to pay to J. P. Rosser, or bearer, the sum of $100 00, for value received, with interest at seven per cent. from date. August 18th, 1873.

"We agree to pay five per cent. additional from 1st January last. March 11th, 1875.

"R. W. RODGERS,
"W. J. TUCKER, Security."

Defendant, besides the general issue, filed the following pleas :

1st. Failure of consideration, in this : That the notes were given in partial payment for a lot of land purchased by Rodgers from J. P. Rosser, but that the title was defective, and one Cheney has since brought an action of ejectment to recover possession thereof, claiming it as property set apart to him as a homestead, and that plaintiff had notice of this when he purchased the notes.

2d. That the clause increasing interest, and the signature of Tucker, as security, were added to the notes after suit was brought upon them; that the consideration therefor was plaintiff's agreement to withdraw said note from suit, and not proceed thereon until the termination of the ejectment case of Cheney *vs.* Rodgers—and if Cheney recovered the land plaintiff to surrender the notes; that said ejectment case is still pending.

Rodgers *et al. vs.* Rosser.

The evidence for plaintiff made, in brief, the following case: The notes came into plaintiff's hands, before maturity, in the regular course of trade, and were paid for by him. They did not then contain the last clause, as to increased interest, or the name of Tucker, as security. Plaintiff instituted suit on them. Rodgers and Tucker agreed to add five per cent. to the rate of interest, and that the latter would sign the notes as security provided plaintiff should withdraw them from suit and "wait until times got better." Money was very scarce at that time, not so scarce when suit was rebrought. Plaintiff knew nothing of any claim of homestead or contest about title to the land when he bought the notes.

The evidence for defendants made, in brief, the following case: The notes were given to J. P. Rosser in partial payment for a certain tract of land; Rodgers took bond for title and went into possession. Since then, one Cheney has brought an action of ejectment against him to recover this property, on the ground that he had purchased it with the proceeds of the sale of his homestead. Plaintiff brought suit on the notes. He agreed, however, to withdraw them from suit and wait, if the clause as to interest should be added and Tucker sign as security. This was accordingly done, and the note withdrawn from suit. The ejectment cause is still pending.

The jury found for the plaintiff $300 00, with interest from January 1st, 1874, at twelve per cent.

Defendant moved for a new trial, on the following among other grounds:

1st. Because the court charged as follows: "If Rodgers was sued, and Tucker signed the note, as security, in consideration of Rosser's withdrawing the suit and giving indulgence, and Rosser did withdraw the suit and give the indulgence, then that was sufficient consideration to bind him (Tucker) and if bound, he would be bound for the full amount of the notes, just as though he had originally signed as security."

2d. Because the court rejected parol evidence tending to show that, when the new elements were added to the notes,

plaintiff agreed to delay suit until the termination of the case of Cheney *vs.* Rodgers; and if this was decided against Rodgers, the notes were to be void, if for him, he should have time to pay the debt.

(The note of the presiding judge denies the rejection of evidence to show that time formed the consideration of the contract made when Tucker signed as security; but admits the exclusion of evidence tending to show that the notes were to be void under certain conditions.)

3d. Because the court rejected the proceedings by Cheney to obtain a homestead, to sell the same and reinvest the proceeds, and to eject Rodgers, all of which were offered to show failure in the consideration of the notes.

4th. Because the verdict was contrary to the evidence.

The motion was overruled, and defendants excepted.

A. C. PERRY; A. C. McCALLA; T. J. CHRISTIAN, for plaintiffs in error.

J. C. BARTON; GEORGE W. GLEATON, for defendant.

BLECKLEY, Judge.

Several of the grounds taken in the motion for new trial are not verified by the judge. Of course these are left unconsidered. The others are not dealt with in any regular order, but they are all disposed of, substantially, in the rulings we have made.

Judgment reversed.