## TAYLOR *vs.* THOMAS.

1. After all laws upon the subject of usury were repealed, and before any re-enactment thereof, it was competent for the parties to increase the rate of interest upon a pre-existing contract, and to stipulate for computing interest at the conventional rate from any time whatsoever, past, present or future.

2. Future indulgence for a definite period (the debt being past due), was a sufficient consideration for the agreement to pay increased interest ; and where the consideration was not expressed in the written promise, the same was provable by evidence *aliunde*. A subsequent admission or acknowledgment in writing, signed by the debtor, was competent evidence.

3. An agreement that the mortgage lien shall cease on payment of a part of the debt, is in conflict with the written condition of the mortgage, the latter being, in, effect, that the lien shall cease on payment of the whole debt. Moreover, a contract to pay a given part of the debt is not complied with by paying a less part.

4. On the facts in the record, the exceptions to the auditor's report were not sustainable.

Mortgage. Usury. Contracts. Evidence. Before Judge CRISP. Lee Superior Court. March Term, 1878.

Thomas instituted proceedings to foreclose a mortgage executed on March 15th, 1875, to secure the following notes :

"$3,000.00.

On or before the first day of January, 1873, I promise to pay to G. W. Thomas or bearer, $3,000.00, for value received. October 16th, 1871. (Signed) ELEAZER TAYLOR."

Attached to this note were the following :

"I agree and promise to pay on my above note, interest at the rate of 18 per cent. per annum from the first of January last until fully paid. April 21st, 1873. (Signed) E. TAYLOR."

"From the 15th of March, 1875, I will only require interest at the rate of 12 per cent. per annum. March 15th, 1875.

(Signed) G. W. THOMAS."

"Credits—October 25th, 1873, $447.30; January 3d, 1877, $892.55."

"Ten days after date I promise to pay G. W. Thomas or bearer, $250.00, for value received, with interest at the rate of 12 per cent. per annum from date. March 15th, 1875.

(Signed) E. TAYLOR."

In connection with the first note, on April 1st, 1876, Taylor executed a declaration of the consideration which

moved him to increase the rate of interest, as appears by his agreement of April 21st, 1873, as follows :

"I, Eleazer Taylor, do hereby declare that the said consideration was that said George W. Thomas did, and was to, allow me indulgence on said note up to March 15th 1875, which indulgence said George W. Thomas has fully and duly allowed me in good faith, and in pursuance of said contract."

The respondent pleaded as follows :

1. The general issue.

2. That the agreement to increase the rate of interest was without consideration and void ; that the pretended ratification of April 1st, 1876, was a mere shift and device to evade the usury laws, and that respondent signed the same with the distinct understanding that he was to be allowed further indulgence for one year, or some such time ; that petitioner violated his contract and commenced suit to the next ensuing term of Sumter superior court.

3. That the mortgage was executed with the understanding and agreement that when $1,500.00 was paid thereon, it was to be released and canceled ; that respondent has paid $1.300.00, or some such sum, and that, therefore, a foreclosure should not be allowed except for $200.00.

A reference to an auditor was had to report the amount due on the notes, who found it to be $4,259.72. In his calculation, interest was charged at the rate specified in the agreements attached to the large note. Exceptions were filed, presenting, in substance, the same questions as are made by the pleas.

On demurrer, the court struck the third plea and the exceptions to the auditor's report.

The case made by the parol testimony did not vary materially from that presented by the notes, mortgage, contracts, etc., above set forth.

The jury sustained the report and found for the petitioner. The respondent moved for a new trial because the court erred in sustaining the demurrer to the third plea and to the exceptions to the report. The motion was overruled and respondent excepted.

W. A. HAWKINS ; ALLEN FORT, for plaintiff in error.

GUERRY & SON, for defendant.

BLECKLEY, Justice.

1. All laws upon the subject of usury were repealed. Whilst they stood repealed, a new stipulation in writing for interest was added to a contract which had been made before the repeal. This new stipulation reached back and provided for the computation of interest at the agreed rate from a time anterior to the date of repeal. The agreed rate was in excess of the limit to which lawful interest had been restricted whilst the usury laws were in force. Did this invalidate the new stipulation? Undoubtedly it did not, for no law was violated. There was no public or legislative will in respect to the rate of interest, or in respect to the period of time during which the agreed rate should be counted. The sole rule was the will of the contracting parties. The law said, do as you please ; interest is open to free trade. With this broad license, all contracting parties could make their own terms, and apply them to any time whatsoever, past, present or future.

2. As every contract requires some consideration to support it, the agreement for increased interest on a pre-existing debt would be a *nude pact* unless based on a consideration. Future indulgence for a definite period (the debt being past due) is consideration enough. And it was provable by evidence *aliunde.* 57 *Ga.,* 319 (2). The debtor's subsequent admission or acknowledgement in writing, signed by him was competent evidence.

3. There surely is a difference between the condition in a mortgage that the lien shall cease upon payment of the whole debt, and an alleged agreement that it shall cease on the payment of a part of the debt. By no means can the two things be reconciled ; the conflict is so obvious that whoever can discern that the whole is greater than a part, cannot fail to perceive it. It is equally manifest that a

contract to pay a given part of the debt is not complied with by paying a less part. Performance of the alleged parol agreement was thus not averred in the plea, even if that would have sufficed.

4. The order of reference to an auditor was only to take the account. Hence, some of the exceptions to the report, perhaps all of them, were, in strictness of practice, inapplicable. On the facts in the record none of the exceptions can be sustained.

Judgment affirmed.