Brown *et al. vs.* Davenport, ordinary, for use.

1. Where suit was brought on the bond of an administrator, it was proper to strike pleas by a surety thereon to the effect that he signed a temporary bond, and that subsequently he signed the bond sued on, under the statement of the ordinary that the temporary bond had been lost, and that he merely wanted this signed as a temporary bond in its stead, and under the representations, both of the ordinary and the principal, that it was only a temporary bond, and that other parties would also sign, and that he could read but poorly, and the bond was not read to him, but the ordinary said it was a copy of the former bond, and that he signed on the basis of these statements.

(a.) This case differs from that in 6 *Ga.,* 202. Where the bond was signed by the principal and surety, and was delivered to the ordinary as a deed, it was not an escrow.

(*b.*) If both parties intended that something left out of the bond at the time it was signed was to be inserted in it then, but it was left out by fraud or mistake, parol evidence would be admissible to engraft it therein; but if the party signed in expectation that it would be afterwards done, the bond as written and delivered could not be altered by parol.

2. Where no plea of *non est factum* was filed at the first term, nor any other plea on which it could be grafted by amendment, it could not be subsequently filed

(*a.*) Besides, evidence seems to have been taken and introduced on this plea, the preponderance being against it; and it is by no means certain from the record that it was striken.

May 1, 1886.

Administrators and Executors. Principal and Surety. Contracts. Bonds. Escrows. Evidence. Pleadings. Before Judge BRANHAM. Haralson Superior Court. January Adjourned Term, 1885.

On September 19, 1882, S. M. Davenport, ordinary, for the use of the heirs of T. H. Satterfield, deceased, brought suit against S. M. Satterfield, principal, and Seaborn Goldin and W. J. Brown, sureties on the bond given by the principal, as administrator of T. H. Satterfield, deceased.

On July 17, 1883, Goldin filed a plea of *non est factum*. On the same day, Brown filed a plea, and on July 23, amended it. The plea, as amended, is substantially set out in the first division of the decision. On motion, the court struck the original plea and the allegation of the amendment stated, except the general issue. Evidence in support of Goldin's plea of *non est factum* was introduced.

The jury found for the plaintiff. The defendants moved for a new trial, which was refused, and they excepted.

UNDERWOOD & ROWELL, for plaintiff in error.

IVY F. THOMPSON, for defendant.

JACKSON, Chief Justice.

This action was brought by Davenport, ordinary, for the

use of the heirs of T. H. Satterfield, against S. M. Satterfield, administrator on the estate of T. H. Satterfield, and Goldin and Brown, his sureties on his administration bond. The jury found seven hundred dollars, with interest, against all the defendants, and thereupon a motion for a new trial having been denied the sureties, they excepted, and assign error here on the several grounds alleged in the motion.

1. The main and only assignment of error insisted upon here is that the court erred in striking the pleas of the sureties. Brown pleaded to the effect that the bond was not read to him, and both principal and ordinary told him it was only a temporary bond, and that other parties would also sign; and upon these assurances of the principal and the ordinary, he was induced to sign the first bond, of which this sued on was a successor, that being lost, and that he was induced to sign them both upon these representations and assurances, and would not have signed but for them.

Brown also plead to this effect, that, if he ever signed the bond, it was done under these circumstances; that the ordinary said the temporary bond signed in 1868 had been lost, and he simply wanted this one signed as a temporary bond in lieu of that; he could read but poorly, and the ordinary said it was a copy of that; and having confidence in the ordinary, he believed it and signed, and was deceived by these false representations; and the ordinary said further, that John V. Bush was to sign the bond with defendant and others, and he signed on that condition.

It is insisted that the court erred in striking these pleas, first, because the deed was merely an escrow on the facts alleged; and secondly, that by misrepresentations the plaintiff in error was induced to sign.

The case of *Crawford, governor, etc., vs. Foster et al.,* 6 *Ga.,* 202, is cited to show that the deed here is an escrow; but in that case the deed was delivered to the principal in order to get the other sureties, with the knowledge of the ordinary, while in the case at bar the allegation is that it was delivered to the ordinary himself, the officer by whom

v 76–51

it was received officially, being delivered as a deed.   Both points made here are covered and controlled by the ruling of this court in *Lewis et al. vs. Board of Commissioners, etc., of Gordon County*, 70 *Ga.*, 488.   The idea that the deed is an escrow is answered in that case on page 494, and the other ground, that Brown was induced so to sign under false representations, such as these pleas allege, seems to be covered by the opinion on page 491–2.   The case of *Mathis, sheriff, vs. Morgan*, 72 *Ga.*, 517, bears directly on the latter point, and shows that such a defence as this cannot be set up successfully.   The true rule is that, if both parties intended that something left out of the bond at the time it was signed was to be inserted in it then, but was left out by fraud or mistake, then parol evidence was admissible to engraft it therein; but if the party signed in expectation that it would be afterwards done, the bond as written and delivered could not be altered by parol.

On this point, see *Rodgers vs. Rosser*, 57 *Ga.*, 319; *Howard & Soule vs. Stephens*, 52 *Id.*, 448; *Lester vs. Fowler*, 43 *Id.*, 190; and *Sullivan vs. The Cotton States Life Insurance Co.*, 43 *Id.*, 423.

The cases above cited, however, in the 70th and 72d volumes of our reports, so recently considered and adjudicated, make other reference unnecessary.

2. In regard to the plea of *non est factum* by Goldin, it was not filed at the first term; and none at that term was filed on which it could be grafted; the record showing no plea at the first term, even none of the general issue. *Stanton vs. Burge*, 34 *Ga.*, 435; *Hayden vs. The Atlanta Cotton Factory*, 61 *Id.*, 233; *Searcy, executrix, vs. Tillman*, 75 *Id.*, 504.   Besides, evidence seems to have been taken and introduced largely on this plea, and the preponderance was against the plea.   It is by no means certain that it was stricken, so far as this record speaks.

Judgment affirmed.