Jackson, C. J.
1. Where suit was brought on the bond of an administrator, it was proper to strike pleas by a surety thereon to the effect that he signed a temporary bond, and that subsequently he signed the bond sued on, under the statement of the ordinary that the temporary bond had been lost, and that he merely wanted this signed as a temporary- *448 bond in its stead, and under representations both of the ordinary and the principal that it was only a temporary bond, and that other parties would also sign, and that he could read but poorly and the bond was not read to him, but the ordinary said it was a copy of the'former bond, and that he signed on the basis of these statements. 70 Ga., 488, 491 — 494; 72'Id,, 517.
Underwood & Rowell, for plaintiff in error.
Ivy F. Thompson, for defendant.
(a) This case differs from that in 6 Ga., 202. Where the bond was signed by the principal and surety, and was delivered to the ordinary as a deed, it was not an escrow.
(b) If both parties intended that something left out of the bond at the time it was signed was to be inserted in it then, but it was left out by fraud or mistake, parol evidence would be admissible to engraft it therein; but if the party signed in expectation that it would be after-wards done, the bond as written and delivered could not be altered by parol. 57 Ga., 319; 52 Id., 418; 43 Id., 190, 423.
2. Where no plea of non est factum was filed at the first term, nor any other plea on which it could be grafted by amendment, it could not. be subsequently filed. 34 Ga., 435; 61 Id., 233; Searcy, Executor, vs. Tillman, (last term). 1 Georgia Law Reporter, 106.
(a) Besides, evidence seems to have been taken and introduced on this plea, the preponderance being against it; and it is by no means certain from the record that it was stricken.
Judgment affirmed.