## WEAVER v. STONER.

1. The court committed no error in the ruling on evidence which was complained of, and the verdict for the plaintiff was, under the facts of the case, properly directed.

2. Where counsel for plaintiff in error is compelled by the court, at the instance of counsel for the defendant in error, to embody in the bill of exceptions a mass of documentary evidence which could be properly briefed and which if so briefed would occupy a very small space in the bill of exceptions, this court will direct that the cost of bringing up so much of such documentary evidence as was unnecessary and useless be taxed against the defendant in error.

Argued October 12,—Decided November 8, 1901.

Complaint. Before Judge Harris. City court of Cartersville. September term, 1900.

*J. B. Conyers* and *Ben. J. Conyers,* for plaintiff in error.
*J. M. Neel,* contra.

Cobb, J. The plaintiff brought suit against Weaver upon a promissory note. Weaver filed a plea setting up that the consideration of the note had partially failed, for the reason that the note was given in part payment of the purchase-money of a tract of land, and that he had lost possession of a portion of this tract because the plaintiff did not have title thereto. He asked in his plea that the purchase-money be abated to the extent of the value of the land to which he had failed to obtain title. Upon the trial it appeared that Thaddeus Pickett owed Stoner, and to secure the debt conveyed to him a large quantity of land by a deed which was absolute on its face. It also appeared that Pickett was indebted to Weaver, and that they entered into an agreement by which Pickett was to sell to Weaver a certain portion of the land embraced in the deed from Pickett to Stoner, and that the balance of the purchase-money, after the debt due by Pickett to Weaver had been deducted, was to be paid to Stoner, and that Weaver was to give notes for this amount to Stoner and take a bond for titles from him for the land which he had agreed to purchase from Pickett. This agreement was submitted to Stoner and approved of by him, and Weaver gave to Stoner notes for the balance of the purchase-money after the debt due by Pickett to Weaver had been deducted. Stoner then gave to Weaver a bond for titles conditioned to convey to Weaver, upon the payment of the notes above referred to,

certain portions of lots numbers 254 and 255 in the twenty-third district and second section of Bartow county, Georgia; such portions being distinctly described in the bond, the description being followed by the words: "being 100 acres, more or less, of lot 255, and 20 acres, more or less, of lot 254, except that portion of 255 belonging to Dr. Baker's mill property." It appeared that Weaver went into possession, under this bond for titles, of a portion of the land claimed by Dr. Baker as a part of his mill property, and that upon suit being brought by Baker a judgment was rendered in his favor by which he recovered the land from Weaver. This is the portion of land on account of the loss of which Weaver seeks to obtain a deduction from the notes sued on of an amount equal to the value of the land. Upon this state of facts the court directed a verdict in favor of Stoner, and Weaver excepted.

1. There was no error whatever in directing a verdict for the plaintiff, and this is conceded by counsel for Weaver in their brief. The bond for titles fixed the line of the land sold to Weaver at Baker's mill property, and distinctly excepted this property; and of course Stoner was in no way responsible for the fact that Weaver had lost land of which he had entered into possession and which was in no way covered by the bond for titles. But it is said that the court erred in refusing to allow Weaver to prove that, before the bond for titles was made by Stoner and while he and Pickett were negotiating, Pickett pointed out the lines of the land which was the subject-matter of the trade, and that the lines so pointed out embraced the land which he lost under the judgment in the Baker suit. The court refused to admit this testimony, on the ground that Stoner was not bound by Pickett's declarations. It is not necessary to determine in the present case whether Pickett was such an agent of Stoner as that he would be bound by Pickett's declarations, as we think the evidence was properly ruled out for another reason, that is, that both Stoner and Weaver are bound by the terms of the written contract, which distinctly fixes the lines of the land intended to be sold; and even if it was the intention of the parties that one of the lines should be at a different place, until the bond for titles is corrected and reformed the parties must stand by it as it is. The bond for titles calls for the Baker line, and Weaver, according to the record, is in possession of every particle of land within the boundaries embraced in the bond for titles.

The case is controlled upon its merits by the familiar principle, that where parties reduce their agreement to writing, all oral negotiations antecedent thereto are merged in the writing, and even though the writing does not express the contract actually made, the parties must stand by it until it is reformed in a proper way by a competent tribunal.

2. There was no motion for a new trial, and the evidence is contained in the bill of exceptions. There is set forth in the bill of exceptions the record in the case of Baker *v.* Weaver, consisting of twenty-one pages of typewritten matter. It appears from allegations in the bill of exceptions that when the same was presented to the judge it contained only an abstract of this record, and that, upon the application of counsel for the defendant in error, counsel for plaintiff in error was compelled by the court to place the entire record in the bill of exceptions. Counsel for plaintiff in error in the bill of exceptions assigns error upon this "ruling." Of course this is not a proper subject-matter of an assignment of error in the bill of exceptions, and no matter whether the judge was right or wrong in compelling counsel for plaintiff in error to set out in full this mass of evidence in the bill of exceptions, it does not affect the merits of the case. It is apparent, upon an examination thereof, that it was not at all necessary to have this mass of documentary evidence incorporated in the record. All that is material to the present investigation in reference to the Baker suit could have been set forth in an abstract of not exceeding two pages of typewritten matter, and this should have been done. The policy of the law regulating the practice in this court is in favor of brevity, and our brethren of the trial bench, as well as our brethren of the bar, should co-operate with each other at all times in making records and bills of exceptions models of precision and brevity. This course will conduce both to expedition and accuracy in the decision of cases by this court. As the plaintiff in error is unsuccessful in this case and is therefore liable for the costs of the case, we think in the interest of justice, as this useless mass of evidence has been forced in the record at the instance of the defendant in error, that the cost of bringing that portion of the bill of exceptions should be taxed against him. While there is no statute which in terms provides that this shall be done in a case like the present, still, in the exercise of the power given us to make such direction as the

interests of justice shall require, we direct that the costs of this useless part of the record be taxed against the defendant in error.

*Judgment affirmed with direction. All the Justices concurring.*