## BELL *v.* REDD.

1. Where, in a deed conveying a lot located in a city, as a part of the description of the tract conveyed it is recited that the same "is bounded north by a new street not yet named and Academy lot, east by lands of James Attaway, trustee [the grantor], south by Annie R. Blount, and west by Roberson street, having a frontage of seventy-five feet on Roberson street, and a length of two hundred and seventy-one feet," the western boundary of such a lot is the eastern limit of Roberson street. And in fixing the boundary of the lot on the east or rear of the lot, measurement should begin at the eastern limit of Roberson street and be run thence eastward 271 feet.

2. The admission of evidence which could not have been hurtful to the losing party affords no ground for a new trial.

3. It appearing from the testimony of the plaintiff's vendor, who was introduced as a witness for the defendant, that at the time of the sale of the land he set up a stake at a point 250 feet from the western boundary of the lot conveyed to the plaintiff, and that this was done in the presence of the plaintiff's husband, her agent (the latter insisting at the time that the stake should have been placed at a point 20 feet further westward, which would have brought the strip of land sued for within the description of the lot conveyed to plaintiff), and it further appearing that the deed to plaintiff, subsequently executed, fixed the eastern boundary in question at a distance of 271 feet instead of 250 feet from the western boundary, the court below did not err in holding that the description in the deed was controlling.

4. Construing the testimony in the case most favorably in favor of the defendant, there is no evidence of any acts or sayings on the part of the plaintiff or her agent which would estop her from setting up and maintaining her title to the lot in controversy.

5. The evidence demanded a finding in favor of the plaintiff.

Submitted January 8,—Decided June 29, 1909.

Complaint for land. Before Judge Hammond. Burke superior court. May 2, 1908.

*Brinson & Davis,* for plaintiff in error.

*Lamar & Callaway,* contra.

BECK, J. This is an action for the recovery of land, in the statutory form, brought by Mrs. Z. L. Redd against R. A. Bell to recover a strip of land 19 feet and 3 inches by 75 feet, between Roberson and Shadrach streets in the city of Waynesboro, Georgia. The plaintiff claims under deed from James Attaway, trustee, et al., dated October 14, 1889, and recorded January 24, 1900. On November 9, 1904, the same grantors conveyed a half-acre lot, which included this strip, to N. H. Bostick, who recorded his deed January 5, 1905; and the defendant claims under deed from Bostick, dated January 20, 1906, and recorded January 23, 1906. Bostick built on his lot in the spring of 1905, and at that time fenced in this strip. Plaintiff built on and occupied her lot about a year later. Defendant is in possession of the strip of land, which was enclosed at the time of his purchase from Bostick in 1906. The court below directed a verdict in favor of the plaintiff for the recovery of the land sued for.

1. The plaintiff and defendant derived title from a common grantor, the defendant being in possession under a deed junior to that of the plaintiff, which had been duly recorded. The tract of land for the recovery of which this suit was brought is at the eastern end, and, according to the description which makes the plaintiff's residence lot face on Roberson street, at the rear end of the lot. The plaintiff contends that this tract or strip of land sued for, which, at the time of bringing the suit, was in possession of the defendant, is included within the limits as marked by distances and measurements set forth in the deed from James Attaway, trustee, to the plaintiff, which deed was executed in October, 1889. The description of the plaintiff's lot as set forth in the deed from Attaway, so far as pertinent to this case, is "bounded . . west by Roberson street, having a frontage of 75 feet on Roberson

street and a length of 271 feet." Measuring from the eastern limits of Roberson street backward a distance of 271 feet, the length of the lot as set forth in the deed, and fixing the eastern boundary of the plaintiff's lot at this distance from the starting point, and then following the other boundaries as set forth in the deed, and as to which there is no controversy, the strip of land sued for, it is admitted, would be included within the lines thus laid down. But the defendant, the plaintiff in error, contends that in measuring the distance of 271 feet eastward from Roberson street we should begin at the center of Roberson street and not at the eastern limits thereof. The trial judge differed with counsel for the defendant as to this contention, holding that the measurement eastward should begin at the eastern limit of Roberson street; and we think that his holding was unquestionably sound. It must be borne in mind that this description of a city lot, "having a frontage of 75 feet on Roberson street and a length of 271 feet," was matter of description and location of the lot sold. The question as to whether, under such a description, the plaintiff, in addition to having acquired a title to a lot reaching back 271 feet from the eastern limits of the street in front of the lot, would obtain also a title to any portion of the street, is not involved in this case; and it is unnecessary to discuss that phase of the question or the many cases dealing with it. Suppose (to adopt the suggestion found in the brief of counsel, by way of illustration) Roberson street had been 200 feet broad, and the deed conveyed a lot the length of the lot in question, could it be seriously insisted that the western boundary of the lot was in the middle of the supposed street? What we have here said in no way conflicts with the principle announced in the cases of *Silvey* v. *McCool*, 86 *Ga.* 1 (12 S. E. 809), and *Johnson* v. *Arnold*, 91 *Ga.* 659 (18 S. E. 370). For, as we have said above, we are not dealing with the question as to whether or not under this deed the grantee took the fee to the middle of the street or not. The purpose of this deed was to convey a lot with "a length of 271 feet," in which the grantee should not only have the fee, but which he should be entitled to hold in fee and occupy exclusively, without subjection to the right of easement in any one.

2. The admission of testimony as to making certain measurements of the lot and the point at which these measurements were

begun on Roberson street, was not hurtful to the defendant; as it appears from uncontroverted evidence that the correct measurement backward from Roberson street necessarily included the strip of land in controversy.

3. Under the evidence in the case the court did not err in holding that "the deed calling for 271 feet depth of land, [that] is the only guide the court can take as this case presents itself." There was some evidence, it is true, that at the time of the purchase, or rather the agreement to purchase, the plaintiff's vendor, when the plaintiff was present, set up a stake, marking the eastern boundary of the tract of land at a distance of 250 feet from Roberson street and ten feet east of a certain ditch; but it appears also that at that time the plaintiff's husband, who was acting as her agent in the negotiations that resulted in the purchase, insisted that the lot should extend some twenty feet further to the east, and when the deed was actually executed the eastern boundary of the lot was fixed at such a distance from Roberson street as to include the additional twenty feet contended for by the husband of the plaintiff. If the plaintiff's vendor actually drove down a stake at the time of the measurements, preliminary to the consummation of the sale and purchase of the lot, at a point only 250 feet distant from Roberson street, in the presence of and with the assent of the plaintiff's agent, it is clear from the terms of the deed that when that instrument was executed he finally fixed the eastern boundary of the lot as the vendee's agent insisted it should be. And that being the case, the distances fixed in the deed were properly regarded by the trial court as controlling. "When land is described in a deed as bounded on one side by the land of a third person, the true boundary line of such third person must be taken as the boundary line, and not the line as it was understood and agreed to exist at the time of the execution of the deed, if there is a variance between such two lines. 2 Devlin on Deeds, §1034; Crosby *v.* Parker, 4 Mass. 110; Frost *v.* Spaulding, 19 Pick. 445 (31 Am. D. 150); Cornell *v.* Jackson, 9 Met. (Mass.) 150; Sparhawk *v.* Bogg, 16 Gray, 583; Wiswell *v.* Marston, 5 Me. 270; Umbarger *v.* Chaboya, 49 Cal. 525; White *v.* Jones, 67 Me. 20. Hall is bound by the terms of his deed, as all oral negotiations and agreements between him and Mrs. Brown antecedent thereto were merged in the deed, and, unless it be reformed, he must stand by its terms.

*Weaver* v. *Stoner,* **114** *Ga.* 165 (39 S. E. 874) ; *Perkins Lumber Co.* v. *Wilkinson,* 117 *Ga.* 394 (43 S. E. 696)." *Hall* v. *Davis,* 122 *Ga.* 252 (50 S. E. 106).

While there are some suggestions in the testimony of the witness James Attaway, the vendor, that a fraud had been practiced upon him by the plaintiff and her husband in the matter of obtaining a deed containing the stipulations as they appear written in this instrument, such bare suggestions, or even direct testimony by him to that effect, could not have the effect to alter or change the terms of the conveyance, there being nothing in the record to indicate that a reformation of the instrument was sought.

4. Another ground of the motion for a new trial is as follows: "Because the court erred in holding that the number of feet named in said deed, to wit 271 feet, is controlling as to where the line of said lot is, notwithstanding the defendant in said suit offered evidence which, if the jury believed, established that at the time of and after the sale of said lot said plaintiff and the coterminous landowner mutually agreed upon a line without fraud, and under the law a line so agreed upon by coterminous landowners would control, rather than the number of feet named in the deed." A careful examination of the evidence discloses that this contention of the plaintiff in error is not supported by the record. Beyond the testimony to which we have already referred, showing the measurements of the land conveyed in the deed from Attaway to the plaintiff, and a stake driven down at a distance from Roberson street, about which there is some variance in testimony, there is nothing to show that the coterminous landowners agreed upon a line between the lot of the plaintiff and the land of the adjacent owners.

It is not necessary to discuss here what acts of the plaintiff or her agent would operate as an estoppel upon her from maintaining the present action. It is sufficient to say that, giving the testimony in favor of defendant's claims upon this issue all the weight that could possibly be attached to it, there is no evidence of any acts or sayings on the part of the plaintiff or her agent which amounted to an estoppel.

5. The evidence demanded a finding in favor of the plaintiff, and the court did not err in directing a verdict in her favor.

*Judgment affirmed. All the Justices concur.*