### 12305. GEORGIA LUMBER & TURPENTINE COMPANY *v.* MILLTOWN LUMBER COMPANY.

JENKINS, P. J. Where a lease in terms describes the timber sold and conveyed as the timber upon certain land described as being lots of certain numbers in a certain numbered district, and contains no further words of description, but thus plainly and unambiguously identifies the property covered by its terms, evidence that the vendor or its agent, prior to the purchase, had pointed out a certain tract of timber as being within the boundaries of the lots so numbered, and that it was understood by both vendor and vendee, prior to the preparation of the lease, that such tract was so included, is inadmissible to vary the terms of the instrument. The mere fact that both parties were in error as to the correct location of some of the true lines of the numbered lots, and were mistaken in thinking that such lines embraced timber which in fact was not included, is not a mistake that can be pleaded as such by the vendee in defense to a suit by the vendor under the contract. *Thompson* v. *Hill,* 137 *Ga.* 308 (3) (73 S. E. 640); *Harris* v. *Brandon,* 135 *Ga.* 131 (68 S. E. 1040); *Hall* v. *Davis,* 122 *Ga.* 252 (2), 253 (50 S. E. 106); *Weaver* v. *Stoner,* 114 *Ga.* 165, 166 (39 S. E. 874); *Bell* v. *Redd,* 133 *Ga.* 5, 8 (65 S. E. 90); *Haley* v. *Ray,* 142 *Ga.* 390 (82 S. E. 1058).

(*a*) The rule is different in a case where the plea does not attempt to show a different consideration from that constituting a part of the expressed terms and conditions of the written instrument but it is sought to avoid the contract as being without any sort of legal consideration, on account of its whole consideration or subject-matter being the outgrowth of a mutual mistake, or mutual misunderstanding as to its legal effect. *Phillips* v. *O'Neal,* 87 *Ga.* 727 (2) (13 S. E. 819); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (3), 704 (54 S. E. 706, 28 L. R. A. (N. S.) 785); *Hawkins* v. *Collier,* 101 *Ga.* 145 (1), 147 (28 S. E. 632).

(*b*) Likewise, the rule is otherwise where, by mistake of the scrivener or oversight of the parties, the writing itself does not express the intended agreement. *Kitchens* v. *Usry,* 121 *Ga.* 294 (2), (3) (48 S. E. 945); *Brown* v. *Davenport,* 76 *Ga.* 799, 800 (b); *Bridwell* v. *Brown,* 48 *Ga.* 180, 181, 182. In the instant case such does not seem to be the purport of the plea, although in one part it is alleged that the strip of timber in question " was intended by the plaintiff and the defendant to be included in the *description* of said lots of land." In any event, neither by the evidence admitted nor by the evidence excluded could it be taken to be shown that the instrument itself was written otherwise than as had been intended by the parties.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 1, 1921.

Complaint; from city court of Valdosta — Judge Cranford. February 21, 1921.

*Dan R. Bruce,* for plaintiff in error. *E. K. Wilcox,* contra.