### 13955.   FORBES v. BASS.

LUKE, J.   The court did not err in disallowing the proffered amendment to the defendant's plea, nor in striking the plea, nor in rendering judgment in favor of the plaintiff.   The defendant set up no legal meritorious defense to the suit.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 11, 1923.

Complaint; from Spalding superior court — Judge Searcy. August 9, 1922.

Suit on a promissory note for $5,000 principal and interest thereon, dated January 31, 1920, and payable January 31, 1926, was brought on December 22, 1921, by the payee, Mrs. Bass, against the maker, Mrs. Forbes.   The petition alleged that in a deed executed by Mrs. Forbes to Mrs. Bass on the date of the note, as security for the payment of the debt, it was provided that time was of the essence of the contract, and that in case of failure to pay any installment of interest thereon promptly when due, the principal of the debt should at once become due and payable if Mrs. Bass should so elect; and it was alleged that the annual installment of interest due January 31, 1921, amounting to $400, was not yet paid, and that Mrs. Bass elected to treat the entire principal and accrued interest as due and collectible.   The defendant answered, admitting these allegations, and further pleaded as follows:   At the time the first installment of interest became due, January 31, 1921, plaintiff waived her right to treat the failure to pay it as a breach of the contract declared upon, and extended the time of payment until January 31, 1922.   At the time of the execution of the note and the deed the defendant had a policy of the Hartford Fire Insurance Company covering the frame buildings located on "said land," including the dwelling house and barn, the dwelling being insured for $1,000 and the barn for $1,000 against loss by fire, payable to plaintiff as her loss might appear at the time thereof.   The barn was destroyed by fire in

1921, and the insurance company sent its check to cover the loss,— $1,000,— and made the cheek payable to defendant and plaintiff jointly. Defendant indorsed the check in the office of the agent of the insurance company and instructed the agent to pay to the plaintiff the installment of interest then due and the installment due January 31, 1922. The said check, as made out in conformity with the provisions of the policy, required the joint indorsement of the defendant and the plaintiff; and the plaintiff failed and refused, after being requested so to do, to indorse the check and have it paid on the defendant's indebtedness to her, and by her acts made it impossible for the defendant to collect the check herself. Defendant then gave instruction, some time before the interest installments were due after the first had been extended and plaintiff's rights therein waived, to the agent of the fire insurance company to pay the whole amount of the check to the plaintiff,— enough to satisfy the interest installment due until January 31, 1922, and pay some $200 on the principal. This the plaintiff refused to accept. The security for the payment of defendant's indebtedness to plaintiff was ample after the loss of the barn and after the application of the proceeds of the check to the payment of the interest, and the barn is now being rebuilt. The extension of time granted to the defendant for the payment of the first interest installment does not expire until January 31, 1922, and the action of the plaintiff in suing upon the note is premature and without reason. Defendant prays "to be discharged herewith from all costs," and that the said check be impounded by the court and held subject to further orders of the court; and that the proceeds of the check be applied to the payment of the installments due January 1, 1921, and January 1, 1922, or so much thereof as is necessary.

The defendant offered to amend her plea, as follows: Since the barn on said premises was destroyed by fire and the loss on the same tendered to the plaintiff, the defendant has completed a barn on the premises, and other improvements (described), at a total cost of $1,200, which amply covers the loss of the barn and replaces the security thereon; all of which was done before the interest became due after the extension of time granted defendant by plaintiff on the first note for interest.

The court refused to allow the amendment, and struck the de-

fendant's plea, on motion of the plaintiff; and, after verdict and judgment in favor of the plaintiff, the defendant excepted.

In the brief of counsel for the defendant in error it is contended that the alleged extension was without consideration and not binding; that the debtor did not act upon the alleged agreement or change her position to her injury because of it before its withdrawal; that no legal tender was made by the defendant; and that the proceeds of the insurance policy represented a part of the corpus of the security, and could not, without the consent of the creditor, be applied in such manner as to leave the security diminished.

*J. A. Darsey,* for plaintiff in error, cited: Thorpe *v.* Croto, 79 Vt. 390 (65 Atl. 562, 10 L. R. A. (N. S.) 1166); 9 *Ga. App.* 39; Id. 176 (8); 24 *Ga.* 478; 60 *Ga.* 460; 15 *Ga.* 321; 61 *Ga.* 472; 5 *Ga. App.* 548-9; 13 C. J. 342-4, par. 193-4; Park's Code, §§ 4316, 3433; 120 *Ga.* 1003; 10 *Ga. App.* 356; *Park's Code,* §§ 4227, 4322; 128 *Ga.* 695.

*Cleveland & Goodrich,* contra, cited: Dissenting opinion in Thorpe *v.* Croto, supra; 12 *Ga. App.* 735; 8 C. J. 434; 57 *Ga.* 433, 437; 33 *Ga.* 173; 5 *Ga. App.* 161; Il. 266; 139 *Ga.* 743; Civil Code (1910), § 4322.