40621. WALKER et al. v. HILL.
(317 SE2d 825)

BELL, Justice.
Appellants Edgar and Gladys Walker and appellee Charles D. Hill are titleholders of adjacent residential lots in Tift County. In 1982 appellee filed a complaint against appellants pursuant to Ga. Code Ann. §§ 37-1411—1423 (now codified as OCGA Ch. 23-3, Article

3, Part 2, "Quia Timet Against All the World") to quiet title to a tract of land in Tift County measuring 200 feet from east to west, with the westernmost boundary being measured from a point "on the Eastern margin of the Waterloo Public Road." Appellee alleged that he held a fee simple interest in this parcel by virtue of a warranty deed from one C. E. Hill and by adverse possession, but that his title was clouded by a 1973 warranty deed from C. E. Hill's grantor, Amos Walker, to appellants purporting to grant them the easternmost 50 feet of appellee's property. He prayed for the court to refer the case to a special master, Ga. Code Ann. § 37-1413 (OCGA § 23-3-63), and to grant a judgment establishing his title against all the world. The superior court judge appointed a special master who ordered notice served on appellants. The appellants filed their answer, admitting that appellee owned fee simple title to the west 150 feet of the tract he claimed, but denying that appellee owned any interest in the eastern 50 feet of that tract. Their defensive allegations included claims that they held title by virtue of the 1973 conveyance from Amos Walker and by adverse possession under color of title for more than seven years. Appellants concluded by demanding that the court deny appellee's claim and render judgment establishing title to the disputed tract in them. The special master conducted a hearing and filed findings and conclusions based on evidence presented thereat.

The special master found that in 1949 Amos Walker received title to a 1.5-acre tract of land, a portion of which is the land now in dispute. In 1951 Amos Walker conveyed a strip of land to the State Highway Department to provide a 50-foot-wide right-of-way for the Waterloo Road. The strip was to be measured from the centerline of Waterloo Road, and comprised the westernmost section of the property conveyed to Amos Walker. In 1956 Walker made another conveyance out of the 1.5 acres, granting C. E. Hill a tract of land described in the deed as follows:

"A tract of land consisting of land in Land Lot 264, Sixth Land District of Tift County, Georgia, and being more particularly described as follows: Beginning at an agreed point *on the Waterloo Public Road* at the North Boundary of the Amos Walker place *and running along the Waterloo Public Road* North 30 minutes West a distance of 110 feet to an agreed point; thence East 11 degrees South a distance of 400 feet to an agreed point; thence South 30 minutes East a distance of 110 feet to an agreed point; thence West 11 degrees North a distance of 400 feet back to the starting point." (Emphasis supplied.)

In 1960 C. E. Hill conveyed the easternmost 200 feet of his property to appellee with a deed which described the tract's dimensions as beginning "*at a point on the Eastern margin of the Waterloo Public Road* where the said road intersects with the North original line of

Land Lot Number 264, run thence South four hundred fifty (450) feet *along the Eastern margin of the Waterloo Public Road,* thence run East, eleven (11) degrees South, a distance of two hundred (200) feet to a point, said point being the point of beginning. Thence from said point of beginning, run East, eleven (11) degrees South a distance of two hundred (200) feet to an agreed point; thence South thirty (30) minutes East, a distance of one hundred ten (110) feet to an agreed point, thence West, eleven (11) degrees North a distance of two hundred (200) feet to an agreed point, thencr [sic] North a distance of one hundred ten (110) feet to the point or place of beginning." (Emphasis supplied.)

On October 5, 1973, Amos Walker conveyed by deed to appellants the remaining portion of the original 1.5-acre tract, which portion was described as *beginning 350 feet from the east right-of-way line of Waterloo Road,* and "thence north 0° 30′ west 75.7 feet; thence north 88° 32′ east 198 feet; thence south 1° 54′ east 68.4 feet to the north margin of 26th Street; thence along the north margin of 26th Street sough [sic] 86° 24′ west 197 feet, more or less, to the point of beginning, as shown upon a plat of survey made by E. J. Conoly, Surveyor, dated March 27, 1964." This is the deed by which appellants claim title to the 50-foot interlocking strip now in dispute.

The initial inquiry of the special master was whether the westernmost boundary of the 400-foot-wide tract of land conveyed to C. E. Hill began at the centerline or the eastern margin of Waterloo Road. If the latter, then Hill would have had paper title to the disputed 50-foot tract, and appellee, as his successor in title, would occupy the same status. Based on the facts presented the special master decided that as a matter of law the 1956 deed's description was so ambiguous that it was impossible to determine solely by reference to that description whether the conveyance was intended to be measured from the centerline or the margin of Waterloo Road. Accordingly, he examined the circumstances surrounding the conveyance for evidence of the parties' intent.

The evidence favoring appellee's claim respecting the western boundary included the fact that the 1965 deed purported to convey a tract measuring 400 feet by 110 feet, and Amos Walker's testimony that he had intended to sell C. E. Hill a tract of land with those dimensions. However, Amos Walker also testified that when he conveyed the property to C. E. Hill they surveyed the lot with a measuring tape, marking the eastern boundary of C. E. Hill's lot by measuring 400 feet from the centerline of Waterloo Road. After weighing this evidence the special master concluded that a finding that the conveyance was intended to run from the eastern margin of Waterloo Road was the construction which would best harmonize the deed's language with the extrinsic evidence of the intent of the parties to the

conveyance.

As to appellants' and appellee's allegations of adverse possession, the master found that the deeds held by appellants and appellee clothed both sets of parties with constructive possession of the strip and that OCGA § 44-5-166 therefore prevented prescription from arising on behalf of either. The special master completed his report with a recommendation that appellee be awarded the relief he sought. The report was submitted to the superior court, which entered an order adopting the report and decreeing that the appellee is the owner of the disputed 50-foot strip. The Walkers appeal from this judgment, and we reverse.

1). It is the appellants' contention that the special master erroneously concluded that the intended western boundary of the lot deeded to C. E. Hill was the eastern margin of the Waterloo Road. We uphold the decision of the special master without approving his reasons therefor, since we find that the description is in law unambiguous. If a deed's "description is ambiguous but sufficient to furnish a key to the boundary, extrinsic evidence may be used to correctly apply the description to the true boundary intended by the parties. [Cits.] If the description is unambiguous, extrinsic evidence can not be resorted to except for the purpose of reforming the deed so as to make it express the real intention of the parties and correct a mutual mistake of fact. [Cits.]" *Miller v. Rackley*, 199 Ga. 370 (1) (34 SE2d 438) (1945). Accord *Drury v. Drury*, 207 Ga. 187 (1) (60 SE2d 375) (1950). The deed to C. E. Hill is not a model of descriptive clarity, but it contains three important clues to the intended western boundary: it situates the beginning point on the Waterloo Road; it specifies the western boundary as running along the Waterloo Road; and it states that the property extends 400 feet east of that boundary.

Unlike the special master, we think that this description is sufficient, in conjunction with the undisputed evidence that at the time of the conveyance the State's fee interest in Waterloo Road extended 50 feet east of the centerline, to clearly delineate the western boundary of C. E. Hill's lot as the eastern margin of the Waterloo Road, and therefore should be deemed unambiguous. See *Miller v. Rackley*, supra, 199 Ga. at 374-76. A similar set of circumstances was addressed by this court in *Bell v. Redd*, 133 Ga. 5 (65 SE 90) (1909). In that case a deed to Redd described her lot as " 'bounded . . . west by Roberson street [sic], having a frontage of 75 feet on Roberson street and a length of 271 feet.' " Id. at 6-7. The defendant, Bell, contended that in measuring the distance of 271 feet eastward from Roberson Street the beginning point should have been placed at the centerline of the street, and not the eastern margin. The trial court directed a verdict for Redd, ruling that the measurement eastward began at the eastern margin, and this court upheld its conclusion, reasoning that "[i]t

must be borne in mind that this description of a city lot . . . was a matter of description and location of the lot sold. The question as to whether, under such a description, the plaintiff, in addition to having acquired a title to a lot reaching back 271 feet from the eastern limits of the street in front of the lot, would obtain also a title to any portion of the street, is not involved in this case; and it is unnecessary to discuss that phase of the question or the many cases dealing with it. Suppose . . . Roberson street had been 200 feet broad, and the deed conveyed a lot the length of the lot in question, could it be seriously insisted that the western boundary of the lot was in the middle of the supposed street?" *Bell v. Redd,* supra, 133 Ga. at 7. Our reasoning in *Bell* controls the instant case, and we hold that the description in the deed from Amos Walker to C. E. Hill is in law unambiguous, and the eastern margin of Waterloo Road must be taken as the western boundary of the land conveyed to C. E. Hill. See *Miller v. Rackley,* supra, 199 Ga. at 374-76.

We have noted appellants' argument that Amos Walker and C. E. Hill's actual intent to run the lot from the Waterloo Road centerline was manifested by their prior or contemporaneous (the exact chronology is unclear) mutual survey of the tract. However, such evidence is not competent to vary the terms of the deed. *Stewart v. Latimer,* 197 Ga. 735, 744 (2) (b) (30 SE2d 633) (1944).

2). Appellants also challenge the master's report on the issue of adverse possession. This enumeration has merit. The full ruling of the master concerning this issue was that "[t]he disputed strip of land, depending on the interpretation of the Deeds and the chains of title as to both tracts as well as the precise Deeds under which the parties hold their claim to title would provide constructive possession as to such disputed strip of land in both parties. Such land is included in the boundaries of the tracts according to the descriptions in the Deeds to the parties hereto (Exhibits 4 and 6) and prescription could not arise in favor of either party under these circumstances. Official Code of Georgia Annotated Section 44-5-166."

Appellants argue that there was evidence that they had actual adverse possession of the disputed tract under color of title for more than seven years; that OCGA § 44-5-166 (b) is inapplicable in such instances; and that the special master therefore erred by refusing to consider their allegations of adverse possession. Appellee counterargues that, regardless of appellants' status, he remained in constructive possession of the 50-foot tract, and that OCGA § 44-5-166 (b) operated to bar prescription against his title. We agree with appellants that the rule of OCGA § 44-5-166 is inapposite if the evidence establishes that one of the claimants had actual adverse possession of the disputed tract. See *Allen v. Johns,* 235 Ga. 667 (219 SE2d 369) (1975). Moreover, it appears that the error was not harmless. OCGA §

9-11-61.

The record shows there is some evidence that on October 5, 1973, appellants were conveyed their property, including the disputed 50-foot tract, and that they surveyed the western line of their lot by measuring 400 feet from the Waterloo Road centerline, marking the dividing line with wooden stakes which were later replaced with sunken iron stobs. Within 32 days they had cleared the lot of weeds and small trees and constructed a residence which encroached on the interlocking property. In the period prior to filing of the instant action they planted a tree, shrubbery, and flowers on the 50-foot tract, and mowed the lawn up to the western line of the interlock. In addition, they maintained a driveway on the tract, and built an automobile ramp thereon to perform car repairs and servicing. There appears to be no dispute that appellee had notice of appellants' actual possession of the disputed tract. In 1979 agents of appellee surveyed the property and attempted to erect a fence along the eastern line of the 50-foot tract; the latter attempt apparently was thwarted due to objections by appellants.

A judgment correct for any reason will be affirmed, *Miller Grading Contractors v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730 (3) (279 SE2d 442) (1981), but in this case the evidence creates a genuine issue concerning the existence vel non of facts which would constitute actual adverse possession. Although we do not intimate any opinion as to whether the evidence we have cited is legally sufficient to establish actual adverse possesion, we find that the appellants have fulfilled their burden to show that the trial court committed harmful error in refusing to consider their allegations thereto. We therefore reverse the judgment as to this issue and remand for reconsideration consistent with this opinion.

3). The two issues we have already reviewed — interpretation of the 1956 conveyance to C. E. Hill and actual adverse possession — are the sole questions expressly considered in the master's report. Appellants contend that the court erred by failing to enter findings on two other issues: whether appellee acquiesced in establishing the western line of the 50-foot tract as the dividing line between the parties' lots, and whether appellee is estopped to assert his title. We agree that express findings and conclusions should have been entered on these latter issues, OCGA § 9-11-52, and on remand the court is directed to review them and enter appropriate findings and conclusions indicating its disposition thereof. Like our holding in Division 2, our finding and direction do not imply any opinion by this court concerning the merits of these issues.

*Judgment affirmed in part and reversed in part with directions. All the Justices concur.*

DECIDED JULY 2, 1984.

*Reinhardt, Whitley & Rogers, Glenn Whitley*, for appellants.
*David Roy Hege*, for appellee.