## JOHN C. WHITE *vs.* AUGUSTUS B. JONES.

Androscoggin.   Decided September 13, 1877.

### *Deed.*

When the line of a lot is made a boundary, it means the true line, not a conventional one agreed upon by the parties.

When the call of a deed is to a (the Cilley) line, thence on the southerly line of said (Cilley) lot a certain distance, the call begins and continues on such line.

Thus: where the call in the deed was to the Cilley line, thence on said line, about twelve feet, to a stake and stones, and the stake and stones were not in fact upon the true Cilley line, but on a conventional one, they were rejected.

The defendant owning the land southerly of the true Higgins line, and of that part of the true Cilley line which lies between its junction with the true Higgins line and Bartlett street, but, mistaking their position caused a survey to be made and the erroneous Higgins line, and the first twelve feet of the erroneous Cilley line to be marked with hubs and pointed out to the plaintiff and others, as his northerly boundaries. The plan shows what is called the disputed strip between these erroneous lines and the true ones.

ON EXCEPTIONS.

COVENANT BROKEN. The writ alleges a breach of the covenants of seizin and good right to sell and convey contained in a deed of warranty from the defendant to the plaintiff, dated June 1, 1866, of a lot of land in Lewiston, described as follows:

Beginning on the westerly side of Horton street at the northeast corner of land this day conveyed by me to the Franklin company; thence westerly, at right angles with said Horton street on the northerly line of said last named land, to land conveyed to me this day by said Franklin company; thence, continuing the same course westerly, on the southerly side of said land conveyed to me by the Franklin company, to Bartlett street; thence northerly, on the easterly line of said Bartlett street about 245 feet, to land known as the Cilley lot; thence north-easterly, on the southerly line of said Cilley lot about twelve feet, to a stake and stones; thence south 72½ degrees east, about 147 feet, to a stake and stones; thence north, 11½ degrees east, about 112 feet, to the westerly line of said Horton street; thence southerly about 278 feet, on the westerly line of said Horton street, to the bound began at, containing about 66,989 square feet; meaning hereby to convey the aforesaid land conveyed to me by the Franklin company, and also all the land lying between the said streets which was conveyed to me by William H. Blair and wife, except the above-mentioned land conveyed by me to the Franklin company.

There was evidence tending to show that at the time when the defendant conveyed to the plaintiff, the parties did not know the true place of the Cilley line, or of the southern boundary of the Higgins reservation and that the defendant caused a survey to be made, and mistaking their position, caused hubs to be put down at places further north than the true Cilley line or the true Higgins line would authorize.

The plaintiff contended that the terms of the defendant's deed to him would cover a certain strip of land on the southerly side of the Higgins lot, about six feet wide at one end and nine feet at the other, and about one hundred and sixty feet long, to which it was admitted that the defendant had no title, and which was a part of the Higgins lot referred to in the deed of William

H. Blair and wife to the defendant; the defendant contended that by a legal construction of his deed to the plaintiff, the strip being a part of the Higgins lot was reserved and excepted ; he also contended that if he had pointed out to the plaintiff, the hubs put there by the surveyor, yet they were not the monuments called for in his deed to the plaintiff, and could not prevail over other lines and monuments which were named in the deed. But the presiding justice, *pro forma*, overruled these positions of the defendant, and instructed the jury for the purpose of the trial, as follows:

"The first inquiry is in regard to that stake and stones at the end of the line described as about twelve feet on the Cilley line. If that stake, set up by Mr. Read when he surveyed it for the grantor, in April previous to the date of the deed from the defendant to the plaintiff, is the stake here intended by the parties, and the evidence satisfies you that that is the stake referred to in that deed and was so intended by the parties, then the plaintiff is entitled to recover." The verdict was for the plaintiff, and the defendant alleged exceptions.

*W. P. Frye, J. B. Cotton & W. H. White,* for the defendant.

*M. T. Ludden,* for the plaintiff, contended that although true it was that, if in answering the third call in the deed the plaintiff must not pass the true Cilley line, he could never reach the stake and stones, yet as there are two monuments named, the Cilley line and the stake and stones inconsistent with each other, the stake and stones being more certain and prominent must prevail; *Lincoln* v. *Wilder,* 29 Maine, 169; and that the two descriptions not coinciding, the plaintiff, the grantee, is entitled to hold that which would be most beneficial to him. *Esty* v. *Baker,* 50 Maine, 325.

APPLETON, C. J. The rights of the parties depend upon the construction given to the third and fourth calls in the defendant's deed to the plaintiff.

The third call is as follows : "thence northerly, on the easterly line of said Bartlett street, to land known as the Cilley lot." The true line of the Cilley lot is not in dispute. This call is not to a stake and stones. It is to an ascertained and unquestioned line.

Nor does it matter that there may have been a misapprehension as to where the Cilley line was or an occupation of land by the coterminous owners not in accordance with the true Cilley line. That line, when ascertained, is the termination of the line indicated by the third call. *Wiswell* v. *Marston*, 54 Maine, 270. A quitclaim deed of land bounding it by the land of A. conveys the grantor's title up to the true line of A., notwithstanding a portion of the grantor's land was held adversely by A. in consequence of an erroneous location of the division fence. *Sparhawk* v. *Bagg*, 16 Gray, 583. The line of a lot means the true line, not a conventional line which may have been agreed upon by the parties.

The fourth call is : "thence northeasterly on the southerly line of said Cilley lot about twelve feet to a stake and stones."

The point of beginning is fixed. It is on the Cilley line not off of it. It is where the third call in the deed meets that line. Beginning then at a point on the Cilley line, this call requires its whole length to be "on the southerly line of said Cilley lot," not off of that line. If it begins off that line, and runs the course and distance prescribed, it will be in direct violation of the clear and explicit language of the deed. Were it not for "stake and stones" at the end of the fourth call, which are claimed to be some nine and one half feet distant from the line of the Cilley lot, there would be no question. But one cannot reach the point claimed by the plaintiff, except by ignoring clear and well ascertained facts— the Cilley line at the junction of the third call with it and the Cilley line, for its whole distance of twelve feet. For it must be remembered that the Cilley line—an undisputed line—is to be regarded as a continuous monument for its whole distance ; and it must control. It is obvious the grantor, when he conveyed, did not intend to convey land he did not own.

The *pro forma* ruling of the presiding justice was erroneous.

*Exceptions sustained.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.