## ALLEN *et al. vs.* FROST.

(JACKSON, J. was providentially prevented from presiding in this case.)

1. Writings in evidence which are free from all manner of ambiguity are to be construed by the court, and their legal character and effect determined as matter of law.

2. An absolute deed, made in 1873, by husband and wife, conveying land in fee simple on a valuable consideration purporting to be paid, passed the legal title, though really made as security for a debt, and a bond for titles taken at the same time by the grantors from the grantee, obligating the latter to convey to the former, on the payment of their joint note for a sum of money, the amount of the debt intended to be secured.

3. The creditor having obtained judgment upon the debt, and filed a deed and had it recorded, and having then had the land levied upon, could not be prevented from having it sold under the levy, by a claim interposed by the debtors, founded upon a homestead right in the premises, the homestead not having been applied for or allowed until after the legal title had passed to the creditor.

4. If, however, the deed to the creditor was procured by fraud, the conveyance, on proof of the fraud upon the trial of the claim, would be defeated, and the homestead title would prevail. But this result would not ensue if there was no fraud, but a mere mistake in the instrument by which it took the form of an absolute conveyance, instead of a common mortgage, no such mistake being alleged in the pleadings, and no attempt being made to correct the writing or reform it, the trial taking place on the usual brief issue in a claim case, with no expansion or amplification of the same as a basis of equitable relief.

Evidence. Practice in the Superior Court. Contracts. Deeds. Homestead. Claim. Before Judge BUCHANAN. Troup Superior Court. November Term, 1878.

Wilson Allen was indebted to Frost. He desired to secure him, as he swears, by mortgage, as the latter testifies, by such instrument as would amply protect him. They went together to the office of Frost's attorney, who prepared an absolute deed to be executed by Allen and his wife Amanda, and a bond for title to be executed by Frost, conditioned to reconvey upon payment of the debt. The evidence shows that both Allen and wife thought these papers constituted a mortgage. They were read to the former, but not to the latter. The officer who attested the deed, (the ordinary of the county, in whom she had great confidence,) made some explanation to her as to the nature of the transaction, but he called the instrument she was signing, a mortgage. The deed, bond and note were all executed on December 16, 1873. Subsequently Frost brought suit on the note, recovered judgment, filed a deed in the clerk's office and had it recorded, and caused a levy to be made on the land. In the meantime Mrs. Allen had a homestead set apart therein, and with such proceeding for a basis, when the levy was made, she and her husband claimed. Upon this issue the facts developed by the testimony were, in substance, as above stated. There was no evidence of any fraud or over-reaching on the part of Frost or his attorney. If a different instrument was exe-

cuted from what was intended by Allen and wife, it was the result of a misunderstanding of their wishes.

The jury found the property subject. The claimants moved for a new trial because of error in the following charge: After reading §1969 of the Code to the jury, the court instructed them that it was the province of the court to construe the force and effect of the papers, and the paper dated December 16, 1873, constituted an absolute conveyance by Wilson and Amanda Allen to their creditor, Frost, with the right reserved to them by the bond, to have the land reconveyed upon the payment of the debt intended to be secured. That the transaction was not a mortgage, and under such a conveyance a homestead would not prevail. That claimants set up that even if this is true, the deed ought not to prevail, because it was represented to them that it was a mortgage. That all deeds obtained by fraud or misrepresentation are void, and if this deed made for the purpose of securing this debt was obtained by fraud or misrepresentation; if it was represented to the claimants that the deed was a mortgage, and they acted on such misrepresentation, and signed the deed believing it to be a mortgage, then the property should be found not subject. But that if claimants knew it was an absolute deed, with bond to reconvey, then the property should be found subject.

The error in the above charge, as claimants insist, is the failure to explain to the jury, that if they believed that Allen and Frost agreed to a mortgage, and the claimants signed the paper as a mortgage, and it was accepted as such, although made after the form indicated in §1969 of the Code, they had the right to regard the instrument as having only the force and effect of a mortgage.

The motion was overruled and claimants excepted.

BIGHAM & WHITAKER; for plaintiffs in error, cited 49 *Ga.*, 138, 514, 589; 54 *Ib.*, 554; 34 *Ib.*, 369; 36 *Ib.*, 138; 55 *Ib.*, 691; 59 *Ib.*, 223, 507, 779; 58 *Ib.*, 457; 22 *Ib.*, 341; 16 *Ib.*, 47; Code, §2756.

FERRELL & LONGLEY, for defendant.

BLECKLEY, Justice.

1. The deed was plain and unambiguous. It conveyed absolutely, and even under the parol evidence had no ele-ment of a mortgage except that it was a security for a deb and attended with a right to redeem. What the instrument was, how it was to be construed, and what was its legal effect, were pure questions of law for the court, and so the court treated them.

2, 3. That an absolute deed made to secure a debt will hold good until the debt is paid, even against a homestead subsequently applied for and laid off in the premises, has been decided by the court quite often enough to settle it for the present as the law of this state. I can throw no new light on the question, and it is needless to repeat here what has already been several times announced as the basis of the decision. In proceeding to realize on his debt by obtaining a judgment, filing a deed, causing a levy, and trying to bring the property to sale, the creditor but pur-sued the mode pointed out to him by statute in such cases. Code, §§1970, 3654.

4. The court was correct in making the whole case turn with the jury upon the one fact of fraud or no fraud. There was nothing else for the jury to try. If the deed conveying the legal title was procured by fraud, the makers were not bound to abide by it. Fraud vitiates all it touches; it voids all contracts. Code, §2751. But is the effect of a deed to be varied by parol evidence of a mere mistake, when the mistake is not pleaded, and there is no applica-tion to reform the instrument? Surely not. This would leave the most solemn transactions of men in a wilderness of uncertainty and instability. Where there has been care-lessness or inattention as to the contents of a document, on the part of those who execute it, at the time they sign and deliver it, without fraud of any kind in the opposite

party, to relieve them from the consequences when they apply for relief through full and regular pleadings adapted to the purpose, with fair notice to their adversary of what they allege, is favorable enough. They have no right to spring the question suddenly at the trial of a case, the pleadings in which give no premonition or forewarning of such a question. Here there was only the usual brief issue which is formed in a claim case—no expansion or amplification whatever.

Judgment affirmed.