(8 Misc. Rep. 145.)

TOCH v. TOCH et al.

(Supreme Court, Special Term, New York County. April, 1894.)

WILLS—LEGACY CHARGED ON LAND.
    Testator directed his executors to take out of his estate a sum sufficient to pay certain legacies bequeathed in a will of which testator was executor. He also authorized the executors, in their discretion, to sell real estate "for the purpose of carrying out any and all of the provisions and directions contained in this, my last will." *Held*, that such legacies were charged on testator's real estate.

Action by Maximilian Toch, individually and as administrator, against Henry M. Toch and another as executors.

M. L. Townsend, for plaintiff.
Wahle & Stone, Dittenhoefer & Gerber, and Eugene Cohen, Goldsmith & Doherty, for defendants.

LAWRENCE, J. Moses Toch died on the 27th of July, 1884, leaving a last will and testament, which was duly admitted to probate on the 19th of August, 1884, in and by which he appointed his brother Bernard Toch as his sole executor, and letters testamentary, on the latter day, were duly issued to Bernard as such executor. After making a provision for his wife in lieu of dower, and for the support of his children, consisting of a trust fund of $25,000, upon the cessation of the trust he bequeathed the said sum absolutely to his brother Bernard Toch. The said will contains the following provision:

"I give, devise, and bequeath to each of my children who shall attain the age of twenty-four years the sum of one thousand dollars absolutely and forever, and I direct my executor to pay the said sum to each child on its twenty-fourth birthday. In case any child should die before attaining the age of twenty-four years, no benefit to my other children or to my wife is to accrue therefrom, but the money bequeathed to such child shall follow the residue of my estate, and be inherited by my brother, Bernard Toch."

He then devises and bequeaths all the rest, residue, and remainder of his property to his brother Bernard Toch, absolutely and forever. Bernard Toch died on the 14th of April, 1886, leaving a last will and testament, which was duly probated May 21, 1886, and letters testamentary thereon were duly issued to Henry M. and Jacob B. Toch on that day as executors. Bernard Toch never filed any inventory or account as executor under the will of Moses Toch.

On or about the 8th of October, 1886, the plaintiff was, by the surrogate of the county of New York, duly appointed the administrator with the will annexed of the estate of Moses Toch, deceased, and since then has acted, and is still acting, as such administrator. The defendants, Henry M. Toch and Jacob B. Toch, have not filed any inventory of the estate of Bernard Toch, deceased, nor have they made any account of their acts as such executors. The other defendants in this action are the children of Moses Toch and Bernard Toch, and parties with whom said children have intermarried. Bernard Toch died without having paid the legacies to the children of Moses Toch, mentioned in the latter's will. In his will, Bernard directed his executors to take out of and from his estate—

"A sum of money which will be sufficient to pay and satisfy all unpaid legacies which my respective brothers, Leopold and Moses Toch, did, in and by their respective last wills and testaments, bequeath and leave to their respective children, to be paid to such children as each of them attain the age of twenty-four years, and to pay and deliver said sum of money to the person or persons who may hereafter be duly appointed as administrators with the wills of said Leopold and Moses Toch annexed, in such sums or portions thereof as may be necessary for the purpose of carrying out the said wills and testaments of Leopold and Moses Toch, respectively."

No question arises in this case under the will of Leopold Toch. After making certain specific and general bequests, the will of Bernard provides as follows:

"All the rest, residue, and remainder of my estate, both real and personal, which I have not heretofore specifically given, bequeathed, and devised,—it being my intention not to die intestate as to any portion of my estate, either real or personal,—subject to the execution of the next following clause, I direct be divided into two portions or shares, and I hereby devise and bequeath one equal portion thereof to my children living at the time of my death, share and share alike, in absolute ownership, and the other portion to the children of my brother Moses Toch living at the time of my death, share and share alike, in absolute ownership." See clause 9 of the will.

By the tenth clause it is provided:

"I hereby empower and authorize my executor and executors hereinbefore named, or such of them as may duly qualify as such, in his or their discretion, and at such times as they or he deem best, to sell any or all of my real estate except the premises known as numbers 293 and 295 East Tenth street, in the city of New York, and mentioned in the 8th clause of this my last will and testament, at public or private sale, or on such terms as he or they may, in his or their discretion, deem best and proper, and to execute good and valid deeds thereof for the proper conveying and assuring the title thereof, and for the purpose of carrying out any and all of the provisions and directions contained in this my last will and testament, and also for the purpose of paying off and discharging the principal sum which may at the time of my death, or thereafter, become due on any mortgage on any real estate of which I may die seised, and substituting a new mortgage in its place."

By the eleventh clause of Bernard's will it is provided as follows:

"I hereby empower and authorize my executor or executors hereinbefore named, or such of them as may duly qualify as such, to mortgage all or any part of the real estate of which I may die seised, except the premises numbered 293 and 295 East Tenth street, in the city of New York, and apply the proceeds thereof towards the carrying out of any of the provisions contained in this my last will and testament, or the paying off or discharge of the principal sum due, or any mortgage on any of said real estate, as aforesaid; and if,

upon so applying the said proceeds to either of said purposes, there be any surplus, I direct that the same—that is, said surplus—shall form and be considered a portion of my residuary estate, and be divided as is directed by the 9th clause of this my last will and testament."

From these provisions I think it very clear that it was the intent of the testator to declare that the legacies to the children of Moses Toch, directed to be paid, should be a charge upon his real estate. Whether such legacies are so payable is always a question of intention; and, even if there be no express direction that legacies shall be a charge upon the real estate, if the intention of the testator so to do can be fairly gathered from the provisions of the will and extraneous circumstances, a court of equity will so decree. Hoyt v. Hoyt, 85 N. Y. 142; Scott v. Stebbins, 91 N. Y. 605; Tracy v. Tracy, 15 Barb. 503; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480. It will be noticed in this case that the power of sale which is given to the executors is confided to them for the purpose of carrying out any or all of the provisions and directions contained in the will. This, in my opinion, clearly evinces an intention on the part of the testator that a resort should be had to a sale of the real estate in order that the legacies in question might be paid; and if such was the intention of the testator, inasmuch as by the fourth clause of Bernard's will the legacies are directed to be paid "to the person or persons who may hereafter be duly appointed as administrators with the wills of Leopold and Moses Toch annexed," the plaintiff, as administrator of Moses, is entitled to maintain this action. I am, however, of the opinion that as respects the $14,000 of personalty, consisting, as the evidence shows, of Moses' undivided one-half interest in the business carried on by him and Bernard, valued at $9,000, and the amount of the policy of insurance collected by Bernard, amounting to $5,000, the plaintiff is not entitled to the relief which he seeks in this action. There is nothing in the case to show that the sum of $25,000, referred to in Moses Toch's will, has not been invested as in said will directed, and, as to that, Bernard Toch, upon the cessation of the trust, was to become the absolute owner. He is also made the absolute residuary legatee under Moses Toch's will. There is nothing to show that there are other debts than the legacies, which, as we have seen, are chargeable upon the land. If there are such other debts, it seems to me that in respect thereto the plaintiff is a general creditor of the estate of Bernard Toch, and that this action should have been brought under the provisions of the Code of Procedure contained in sections 1837 to 1860, and in sections 2749 to 2801. The motion to dismiss the complaint which was reserved upon the trial will therefore be denied, and a judgment in favor of the plaintiff, decreeing that the legacies given to Moses' children are an equitable lien, and chargeable upon the real estate, and that the land should be sold for the payment of said legacies and interest, will therefore be entered; findings to be settled on two days' notice.