## HALL *v.* DAVIS.

1. A ground of a motion for a new trial complaining of the admission of written evidence will not be considered, unless the evidence objected to is set forth, either literally or in substance, in the motion itself, or attached thereto as an exhibit.
2. When a deed describes the land as bounded on one side by the land of a third person, the true boundary line between the land conveyed and the land of such person must be taken as the boundary line, and not a conventional line agreed upon in parol by the parties at the time the deed was executed, if there be a variance between such two lines.
3. If a plaintiff in an action to recover land, claiming title under an administrator's deed, fails to show an order of the court of ordinary granting leave to the administrator to sell the land in question, he can not recover. To carry the title out of the heirs at law of the intestate, it must appear that the order to sell and the administrator's deed refer to the same land.

Submitted January 30, — Decided March 4, 1905.

Complaint for land. Before Judge Parker. Coffee superior court. January 25, 1904.

*Quincey & McDonald,* for plaintiff in error.
*Leon A. Wilson,* contra.

FISH, P. J. Annie B. Davis brought an action to recover land against Mark Hall. There was a verdict for plaintiff; and the defendant's motion for a new trial being overruled, he excepted.

1. In two grounds of the motion for a new trial complaint is made that certain documentary evidence, therein referred to as attached to the brief of evidence as exhibits D and E, was admitted over specified objections of the movant, urged at the trial. It has been repeatedly held that a ground of a motion for a new trial which does not set forth, literally or in substance, the evidence therein alleged to have been illegally admitted, can not be considered by this court. *Petty* v. *Brunswick Ry. Co.,* 109 *Ga.* 666, and cases cited.

2. Mark Hall conveyed to Mrs. A. E. Brown a portion of lot of land No. 514 in the 6th district of Coffee county, the parcel

conveyed being "bounded on the north by lands of Mark Hall,. on the east by lands of W. J. Smith, on the south by Air-Line Railroad, and on the west by the Southern Pine Company, containing one acre." Mrs. Davis, plaintiff below, claimed the premises in dispute under this title. The real controversy was as to the western boundary .of the parcel of land Hall conveyed to Mrs. Brown. Without objection, he was permitted to testify that at the time he sold to Mrs. Brown, he and she went upon the premises and he pointed out to her, as the western boundary of the land he was selling her, a divisional line he had previously run between his land and the land of the Southern Pine Company, and that he showed her the stakes on this line, two of which were at the corners of the land he sold and conveyed to her. Subsequently to the conveyance to Mrs. Brown, the Southern Pine Company had a survey made and a divisional line run between its land and Hall's land. This line was shown to be ninety-two feet west of the divisional line Hall had run, and upon which Mrs. Brown, or those holding under her, had erected a fence; and there seems to have been no question that the line the Southern Pine Company had run was the true divisional line. In fact Hall claimed the strip of land between the two lines and was in possession of the same, and the plaintiff sought to recover so much of it as lay between the true line of the Southern Pine Company and the line which Hall had pointed out to her as the line between that company's land and the land he sold to her. The court charged the jury, that "the plaintiff is entitled to recover clear up to the lands of the Southern Pine Company; and if you find from the evidence that the lands of the Southern Pine Company are ninety-two feet west of the fence line, then it will be your duty to return a verdict finding for the plaintiff the premises in dispute." A general assignment of error was made upon this charge, in the motion for a new trial. The exception is without merit. The deed was not ambiguous, and it was the duty of the court to construe it. *Allen* v. *Frost*, 62 *Ga.* 659. The instrument was properly construed by the court in the charge excepted to. When land is described in a deed as bounded on one side by the land of a third person, the true boundary line of such third person must be taken as the boundary line, and not the line as it was understood and agreed to exist at the time of the

execution of the deed, if there is a variance between such two lines. 2 Devlin on Deeds, § 1034; Crosby *v.* Parker, 4 Mass. 110; Frost *v.* Spaulding, 19 Pick. 445; Cornwell *v.* Jackson, 9 Met. (Mass.) 150; Sparhawk *v.* Bogg, 16 Gray, 583; Wiswell *v.* Marston, 5 Me. 270; Umbarger *v.* Chaboya, 49 Cal. 525; White *v.* Jones, 67 Me. 20. Hall is bound by the terms of his deed, as all oral negotiations and agreements between him and Mrs. Brown antecedent thereto were merged in the deed, and, unless it be reformed, he must stand by its terms. *Weaver* v. *Stoner*, 114 *Ga.* 165; *Perkins Lumber Co.* v. *Wilkinson*, 117 *Ga.* 394.

The decision in *Ingram* v. *Fisher*, 74 *Ga.* 745, when the facts of that case are properly understood, is not in conflict with our present ruling. In that case the land conveyed by the defendant to the plaintiff, for which the action was brought, was described in the deed as lots numbers 9, 10, and 11 in McIntosh county, without any description of boundaries or quantity, and without any reference to any survey or plat, public or private, whereon the lots were so numbered, so that, by the aid of the numbers given and the survey or plat referred to, the location and boundaries of each tract or lot could be ascertained. As is well known, the land in that county was never laid off into districts and numbered lots, as was done in other sections of the State. So the description of the land was vague and ambiguous, and hence parol evidence was held admissible to apply the writing to its subject-matter.

3. Subsequently to the execution of the deed from Hall to Mrs. Brown she made a deed to G. W. Bennett, in which the land conveyed was described in the exact terms of the deed from Hall to her. Plaintiff claimed title under a deed executed by the administrator of Bennett's estate, and put in evidence an order granted by the court of ordinary of Coffee county, which was as follows:

" Georgia, Coffee County.

In the Court of Ordinary of said county, December term, 1899. Annie B. Bennett, administratrix upon estate of G. W. Bennett, late of said county, deceased, having duly applied by petition for leave to sell certain land hereinafter described, belonging to the said estate, and notice of the same having been published as required by law, and it appearing that the allegations in said petition are true, it is ordered that leave be granted to said petitioner to sell the following land of said estate to wit:

3 acres of land with dwelling and storehouse and stables in the town of Nicholls.  December term, 1899.

Thomas Young, Ordinary."

"Where a party claims title to land under an administrator's deed, he must, in all cases, show the order of the court of ordinary, granting the administrator license to sell the land."  *Clements* v. *Henderson*, 4 *Ga.* 148; *Roberts* v. *Moore*, 113 *Ga.* 170. The power of an administrator to sell land belonging to the estate of his intestate is limited by such order.  He can not sell land not embraced in the order; title to such land remains in the heirs at law of his intestate.  It has been held that an order of the court of ordinary to sell all the lands belonging to the estate of an intestate was sufficient authority to sell any portion of such land, and that an order to sell the lands belonging to the estate of an intestate meant all of such lands.  *Clements* v. *Henderson*, supra; *Davie* v. *McDaniel*, 47 *Ga.* 195; *Coggins* v. *Griswold*, 64 *Ga.* 323.  But when the order, as in the present case, grants leave to sell certain specified land, before a plaintiff, claiming title under an administrator's deed executed in pursuance of such order, can recover the land conveyed in such deed, it must affirmatively appear that the land described in the order is the same land conveyed by the deed and for which the action is brought. Such fact did not appear on the trial of the present case, and therefore the plaintiff failed to show title in herself to the premises sued for.  The court should have granted a new trial, on the ground that the evidence did support the verdict.

*Judgment reversed.  All the Justices concur.*