## LITTLETON *v.* GREEN et al.

ATKINSON, J. Where one purchases a tract of land and the boundaries are pointed out to him by the seller and a warranty deed is executed, intended to convey the land so pointed out, but which in fact describes only a part of the land, and afterwards the purchaser is sued in ejectment by the holder of an outstanding title and evicted from that part of the land pointed out which was not embraced in the deed, he can not, as

for a breach of the warranty therein contained, recover damages from the grantor.

(a) In this case the suit was for a breach of the warranty expressed in the deed, and the eviction did not relate to any of the land described in the deed. It follows that there was no breach of the warranty sued upon, and the plaintiff's suit was properly dismissed on demurrer. In this connection see *Weaver* v. *Stoner*, 114 *Ga.* 165 (39 S. E. 874); *Hall* v. *Davis*, 122 *Ga.* 252 (50 S. E. 106).

*Judgment affirmed. All the Justices concur.*

Submitted February 12,—Decided May 16, 1908.

Action for breach of warranty. Before Judge Worrill. Clay superior court. March 20, 1907.

Green Littleton brought suit against the defendant as heir and as administrator of W. J. Green, alleging, in substance: In 1887 said Green conveyed to plaintiff lot of land number 331 in the 7th district of Clay county. The deed is of record, and reference to it is prayed. In the deed the grantor "covenanted with the said Green Littleton that he would, and his heirs, executors, and administrators should, warrant and defend the title to the said lot of land to said Green Littleton, his heirs, and assigns." Said W. J. Green then "put him in possession of said lot of land, pointing out the boundaries thereof," and he continued in possession thereof until about 25 acres within the boundaries so pointed out were recovered from him in a suit brought by Mrs. F. E. Gay against him, in the superior court of said county. Mrs. Gay sued for the parcel of land as being a strip running along the east half of lot 347, and he resisted the suit, and contended therein that the strip was a part of the west half of lot 331. His grantor, W. J. Green, who was then in life, had notice of that suit. The present suit is based upon the breach of the warranty expressed in Green's deed to him, and he seeks to recover the value of this strip of land, according to the price he paid Green in 1887, together with mesne profits recovered by Mrs. Gay, and also the expenses he incurred in defending her suit, and interest. The defendant demurred to the petition, because: (a) No cause of action was set forth. (b) The contents of the deed were not sufficiently alleged to show the extent of the warranty, the breach of which was complained of. (c) The deed warrants title to lot 331, and it is nowhere alleged that the title to any part of said lot has failed. (d) The land was sold by tract, and a deficiency in quantity sold can not be ap-

portioned. (e) The difference of 25 acres, the quantity in dispute, was covered by the words "more or less," qualifying the quantity of land conveyed by the deed of 1887. (f) The allegations of the petition make a case of fraud and deceit, and not breach of warranty. The demurrer was sustained, and the plaintiff excepted.

*Rambo & Rambo,* for plaintiff.

*King & Castellow,* for defendants.