MORGAN, administrator, *v.* GODBEE.

1. Where in the description in a deed the land is bounded on one side by the right of way of a railroad company, the true boundary line between the land conveyed and the right of way of the railroad company must be taken as the boundary line, and not the line that was understood to exist at the time of the execution of the deed, if there is a variance between such two lines.

2. Where one purchases a tract of land, and the boundaries are pointed out to him by the vendor and a warranty deed is executed, intended to convey the land as pointed out, but in fact describing only a part of the land, the purchaser can not, as for a breach of warranty contained in the deed, recover damages from the grantor on the ground that the omitted land belonged to another.

3. The petition was lacking in necessary averments to be good as an action for fraud and deceit.
JANUARY 11, 1917.

Action for breach of warranty.  Before Judge Bartlett.  Douglas superior court.  December 15, 1915.

*J. S. James,* for plaintiff.

EVANS, P. J.  The plaintiff's petition was dismissed on demurrer. He alleged that the defendant had damaged him in the sum of $500 "on account of a breach of warranty as hereinafter stated," for that he purchased from the defendant a certain tract of land,

and the defendant, on February 21, 1898, executed to him a deed containing a covenant of warranty, wherein the property was described as follows: "All that tract or parcel of land lying and being on the north side of the Atlanta and West Point Railroad, being part of the west half of lot of land No. 107 in the ninth district of orginally Fayette but now Campbell county, commencing at the rock corner on right of way near Miles Smith house, running north 15½ rods to the original line of said lot; thence west 52 rods; thence south 46½ rods to the right of way of said railroad; thence east along said right of way 62 rods; containing ten and seven eighths acres of land more or less." A part of the land which he purchased was not owned by the defendant, but was the right of way of the Atlanta and West Point Railroad Company, and the title to that portion of it was not in the defendant at the time he sold the land to the plaintiff. At the time of the execution of the deed the defendant claimed that he owned the land extending to within fifty feet of the center of the track, and pointed out and conveyed to him the land as being adjacent to the right of way of the Atlanta and West Point Railroad Company, including in his conveyance a strip of land fifty feet wide and sixty-two rods long, which belonged to the Atlanta and West Point Railroad Company, which was the most valuable part of the property. The right of way of the Atlanta and West Point Railroad Company sold by the defendant to the plaintiff contained about two and one half acres of the value of $187.50, but the land which the plaintiff obtained and entered into possession of was about 8.35 acres. He has erected valuable improvements on the land which he purchased on the faith of his title to the whole, and he sues for "special damage that has accrued, besides the breach of warranty before stated."

The defendant filed a demurrer to the petition. The plaintiff amended by alleging, that the defendant pointed out the land plaintiff was purchasing as containing 10.7 acres adjoining the right of way of the Atlanta and West Point Railroad, which right of way extended 50 feet from the middle of the track; that this line was pointed out as the south line by the defendant, who claimed title to within 50 feet of the center of the line of the railroad, and represented that he was selling to the plaintiff the land on the north side of the center line of the railroad up to within 50 feet

thereof; that the true line of the right of way of the Atlanta and West Point Railroad extended 100 feet from the center of the track, and the defendant did not own that part of the right of way on the north side of the railroad beyond 50 feet of the center of the railroad track; that the railroad company has paramount title, and within a short time before the filing of suit the plaintiff undertook to take possession of the land, but was prevented from doing so by the Atlanta and West Point Railroad Company. He relied implicitly on the representation of the defendant that he owned, as part of the land defendant sold to him, the strip of 50 feet by 62 rods above described, and did not know that it was a part of the right of way of the railroad company. He has never been able to get possession of that portion of the land which lies between lines drawn 50 feet and 100 feet from the center of the railroad-track, because it is owned by and is in the possession of the Atlanta and West Point Railroad Company. The defendant renewed his demurrer to the amended petition, and the demurrer was sustained.

1, 2. The petition is not good as a suit to recover damages for a breach of a covenant of warranty of title, for the reason that the land, paramount title to which is alleged to be in the Atlanta and West Point Railroad Company, is not embraced in the description in the deed. The particular description of the deed calls for the right of way of the Atlanta and West Point Railroad Company as the boundary line where the property conveyed touches the right of way of the railroad company. Although the starting point is stated to be a rock corner on the right of way near Miles Smith's house, it is not alleged that this rock corner was located within 100 feet from the center of the right of way. Even though the beginning corner should have not been upon the boundary of the right of way, the description in the deed does not undertake to fix the boundary line at 50 feet from center of the track. On the contrary, the calls of the deed are for the right of way and along the right of way of the railroad company, thus fixing the right of way, wherever it may be, as the boundary line between the property described in the deed and the right of way of the company. Where one purchases a tract of land and boundaries are pointed out to him by the seller, and a warranty deed is executed, intended to convey the land so pointed out, but in fact describing only a

part of the land, the purchaser can not recover from the seller damages for a breach of warranty contained in the deed, on the ground that some of the land contracted to be purchased was omitted from the description in the deed. *Littleton* v. *Green,* 130 *Ga.* 692 (61 S. E. 593). This is so for the reason that covenants of title do not apply to land not included in the conveyance. *White* v. *Stewart,* 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198). Where a deed describes the land as bounded on one side by the land of a third person, the true boundary line between the land conveyed and the land of such person must be taken as the boundary line, and not the line as it was understood to exist at the time of the execution of the deed, if there is a variance between such two lines. *Hall* v. *Davis,* 122 *Ga.* 252 (50 S. E. 106) ; 2 Devlin on Deeds, § 1034.

3. Nor is the petition good as an action founded on fraud and deceit. It is not alleged that the defendant knowingly sold or attempted to sell to the plaintiff land to which he had no title. Nor are there any other allegations sufficient to make out a cause of action for deceit and misrepresentation.

*Judgment affirmed. All the Justices concur.*