Argued April 9, affirmed September 25, 1928.

# WILLIAM KENNELL ET AL. *v.* CISSIE TANDY ET AL.

(270 Pac. 473.)

530

For appellants there was a brief over the names of *Mr. Allen H. McCurtain* and *Mr. Donald E. Long,* with an oral argument by *Mr. George W. Gearhart.*

For respondents there was a brief and oral argument by *Mr. Charles E. Lenon.*

. McBRIDE, J.—There is no question of bad faith in this case. The defendants thought they were selling and the plaintiffs thought they were buying a lot with a house standing upon it. In other words, when in their deed they spoke of the "tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining," these words must be referred to the only "tenement" on the property, the house, and anything that interfered with their enjoyment of the house constituted an encumbrance. Counsel for defendants have cited many technical definitions of the word "encumbrance" and "appurtenances," but none of them seem exactly to fit the peculiar circumstances of this case. Singular as it may seem,

we have found only two cases exactly parallel to the case at bar, and as the first of them seems an eminently just solution of this controversy, we quote from it. The case referred to is *Fehlhaber* v. *Fehlhaber*, 8 Misc. Rep. 149 (140 N. Y. Supp. 973). It is parallel to the case at bar in every essential particular. The Supreme Court said:

"The encroachment of the building upon the adjacent land created a right in the owner of the adjacent land, which, while it did not interfere with the passage of the fee, did impair the value of the property conveyed by the defendant to the plaintiff. Under the circumstances disclosed by the record, the encroachment was material and substantial. It was, therefore, an encumbrance, and as such within the terms of the covenant. The existence of the incumbrance caused damage to the plaintiff, and the expense which was incurred in its removal may properly be recovered as damages, provided that damages recoverable shall not exceed the purchase price, with interest. Reeves on Real Property, vol. 2, p. 1529."

The case above cited is not, as urged by counsel for defendants, a hastily written and unsupported decision. It is cited with approval in *Gamorsil Realty Corp.* v. *Graef et al.*, 128 Misc. Rep. 596 (220 N. Y. Supp. 221), a case very similar to the case at bar.

We are of the opinion that the encroachment constituted an encumbrance and that the plaintiffs are entitled to recover the amount necessarily paid to remove it. The judgment is affirmed. AFFIRMED.

RAND, C. J., and ROSSMAN and COSHOW, JJ., concur.