SAWYER COAL & ICE CO. *v.* KINNETT-ODOM CO. *et al.*

No. 13648. May 15, 1941.

*Hall & Bloch,* for plaintiff in error.

*Jones, Jones & Sparks* and *Boyce Outen,* contra.

REID, Chief Justice. The exception is to the overruling of a demurrer to a petition in two counts. For the purposes of the decision the substance of them may be stated as follows: The first count seeks recovery of damages from the plaintiff's immediate grantor and on the general covenants of warranty. Both deeds are in the same form, and convey the property by the same words of description. They first convey a tract of land described as being two designated lots in a named square in the City of Macon, but more particularly described by definite boundaries including courses and distances, and expressly showing that they include, in addition to the area included in the survey of the two designated lots, "an encroachment of 50 feet into Mulberry Street." They next convey "all of the machinery, fixtures, and equipment now located on said described real estate, consisting of coal-yard scales, coal chute, ice machinery and tanks, and, without limiting the generality of the foregoing, including specifically the following ice machinery," followed by an itemized schedule of various articles such as would normally be found in an ice-making plant. Other properties, both real and personal, are included, but they are not involved in this controversy; and certain exceptions not material here are also made. There is added a "catch-all" paragraph, that "It is the intent hereof that this conveyance shall (subject to the exceptions stated) include all of the assets of every kind and character of the first party, located upon said described parcels of real estate or used by or in connection with the business of the first party, whether such assets are herein particularly described or

whether or not included in any of the above general classifications." The habendum is in the usual form, including the words "rights, members, and appurtenances," and there is a clause of general warranty of the title against the lawful claims of all persons whomsoever. It is alleged that "after the deed had been delivered to it, and after it had taken possession of said purchased property, it was discovered that while the tract of land described in both the said deeds was of the dimensions as stated therein, yet certain of the buildings and improvements, with machinery and equipment attached thereto, formerly believed to be entirely located thereon, did as a matter of fact extend over the boundary line of said lots and encroach twenty-two and five tenths (22.5) feet upon Mulberry Street adjoining, title to which street was in the City of Macon, a municipal corporation, which thus constituted an encumbrance on the buildings and other property so encroaching." Other allegations show that upon discovering these facts the plaintiff complained to the defendants; and, while they were in a co-operative spirit, they refused to bear any part of the expense of acquiring title to the strip 22½ feet wide, which it became necessary to acquire from the City of Macon. In acquiring this strip the plaintiff paid to the city a purchase-price of $190, plus a fee of $30 to the city engineer and certain other advertising, recording, and attorneys' fees. Other allegations assert that the cost of removing the buildings, machinery, and equipment from the 22½ foot strip would have exceeded the cost and expense incident to acquiring the city's paramount title to the strip; and that the "incumbrance" in the title conveyed by the deeds resulting from the city's paramount title constituted a breach of the general warranty.

The second count seeks to reform the deeds and to recover for the breach of warranty in the deeds as reformed. The allegations are substantially the same as those of the first count, with additional allegations, quoted later in this opinion, attempting to set up mutual mistake as a basis for reformation. To each count the following amendment was made: "Plaintiff alleges that not only was there located on said encroachment a large part of the ice-manufacturing machinery and equipment which was included in the deeds by virtue of the all-embracing catch-all clause thereof, but that also a large and expensive part of the machinery and equipment, which was specifically and expressly described in Part B of the descrip-

tion in the deed and designated as 'ice machinery on new side,' was located on the said encroachment purchased from the City of Macon, part in the main building built and used by Sawyer Coal & Ice Company in the manufacture of ice, and part upon the street itself but attached to said buildings, all of which is shown by a list of the machinery and equipment which plaintiff alleges was located on said encroachment and attached in the manner indicated therein, a copy of which list is attached hereto, marked Exhibit 'B,' and by reference made a part of the petition." The items in the exhibit attached to the amendment show such things as tanks, transformers, electric apparatus, etc., on concrete foundations set in the ground, and some not set in permanent foundations but attached to the building, and a well. The prayers were for reformation of both of the deeds, and for judgment in damages against the grantor in the older deed on the warranty, and for such other and further relief as may be proper.

Before coming to the point on which the case will finally turn, we dispose of a few preliminary questions.

■ Under our system of pleading, there is no objection to joining in an action brought in a superior court a common-law count for damage from breach of warranty of the title to land and an equitable count seeking reformation of the instrument out of which the cause of action for damage arises. The judge properly overruled the demurrer in so far as it raised this question. Code, §§ 37-901, 81-101.

■ It has long been the practice in this State to allow joinder of immediate and remote warrantors in the same action, where the warranties are concurrent. *Croom* v. *Allen,* 145 *Ga.* 347 (89 S. E. 199). Indeed, since the remote warrantor is liable over to the immediate warrantor, it is the latter's right to vouch the former into court and to bind him by the judgment; and even to cause him to be made a party in ordinary situations. Even where the warranties are different in amount, the verdict may be molded under the Code, § 110-106. This of course must be applied in harmony with the rule that a covenant of mere warranty, as a general rule, relates only to the title as it existed at the time of the execution of the deed containing it. *Finn* v. *Lifsey,* 169 *Ga.* 599 (150 S. E. 908).

■ If in the chain of warranty deeds purporting to convey the

title, for breach of warranty of which the plaintiff claims damage, it is necessary to reform more than one of them in order for the plaintiff successfully to assert the full cause of action he sues on, he may in the same action join the parties to each and all of the deeds he seeks to reform. However, before a cause of action would be set forth as to any of these parties, the allegations of the petition must be such as to show that the fraud, accident, or mistake or other cause for which the reformation is sought was shared in by such party.

■ In deeds to real estate, "A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment and of freedom from incumbrances." Code, § 29-303. Actual eviction is not necessary if the plaintiff has in good faith discharged the incumbrance or acquired a paramount title presently about to be enforced against him. § 29-306; *Joyner* v. *Smith,* 132 *Ga.* 779 (65 S. E. 68). If a cause of action be stated in this case, the action is not premature, and demurrer on that ground was properly overruled.

■ We come now to the crucial question arising under the first count. Though there is a conflict in the cases, undoubtedly respectable authority exists in other States for the proposition that if one deeds to another a parcel of land on which a building is constructed, and it later appears that the building encroaches beyond the limits of the parcel conveyed and upon the lands of another person, the title to the building is injuriously affected by the existence of the paramount title of the third person in the area of the encroachment, and that the vendee may hold the vendor liable upon a warranty against incumbrances contained in the deed. See Kennell *v.* Tandy, 126 Or. 528 (270 Pac. 473, 60 A. L. R. 232, 234). The theory of these cases is that while the deed does not purport to convey the land to which the encroaching part of the building extends, it does purport to convey the title to the building as a part of the land conveyed; and that since the title to the building is thus warranted, and since a third person holds paramount title to that part of the building which encroaches, the warranty is breached. The proposition is not questioned, nor can it be, that a deed to land includes all buildings and other things permanently attached to the land conveyed. Code, § 85-201. However, the converse is not necessarily true. We do not think it is

questionable that one can convey to another a building, or a fixture permanently attached to land, without conveying any estate in the land itself. The rule in this State has been stated to be that "Where one purchases a tract of land and boundaries are pointed out to him by the seller, and a warranty deed is executed, intended to convey the land so pointed out, but in fact describing only a part of the land, the purchaser can not recover from the seller damages for a breach of warranty contained in the deed, on the ground that some of the land contracted to be purchased was omitted from the description in the deed." It is also said that "This is so for the reason that covenants of title do not apply to land omitted from the description in the deed." *Morgan* v. *Godbee,* 146 *Ga.* 352, 355 (91 S. E. 117); *Littleton* v. *Green,* 130 *Ga.* 692 (61 S. E. 593). It is true that, in so far as the opinions disclose, neither of these cases involved the exact question involved in the cases from other States to which we have referred, because parts of buildings or other fixtures do not seem to have been involved; but they do seem to lay down the general rule that warranties in deeds do not extend beyond the description of the lands as given in them.

In the deed before us, the encroachment upon Mulberry Street, a street to which the City of Macon holds title, is described as being 50 feet in width, and as to that the plaintiff's title is not disturbed. The controversy relates to machineries, wells, and structures erected beyond this 50 feet and extending for 22½ feet further into the limits of the street. Most of these things are itemized in the deed, under the heading of "all the machinery, fixtures, and equipment now located on said described real estate." Some of the things described in the deed are purely personalty, and some of them are of an ambiguous nature capable of being considered either as fixtures attached to the realty and as a part thereof or as personalty, according to the intention of the parties. What is called the "catch-all" clause of the deed does not help much in the construction of it in this respect. The intention there declared is to "include all of the assets of every kind and character located upon said described parcels of real estate or used in connection with the business of the first party." Reference to fixtures used in connection with the business of the "first party," but not upon the grantor's premises, would normally be deemed to refer to personalty. The general common-law rule that all fixtures, including trade

fixtures, are a part of the land, has its full application only between grantor and grantee and as to fixtures attached to or so used as to become a part of the lands conveyed by the grantor. *Wolff* v. *Sampson,* 123 *Ga.* 400 (51 S. E. 335). Articles which, if they were on the land conveyed, would be considered as a part of the land, because of the common-law rule as to fixtures, are, generally speaking, reasonably to be considered as personalty, if they are upon the premises of some one else. While the word "assets," as used in the "catch-all" clause of the deeds, is not necessarily confined to personalty, the context would fairly so indicate. We might criticize the use of the word "assets" as being inappropriate to the particular context, since this word, according to the usual definitions given in the dictionaries, is not the equivalent of the word "things" or "articles," or "property." It is usually confined to matters relating to the estates of decedents or bankrupts, as indicating properties subject to the payment of debts or as a schedule to counterbalance "liabilities" in a financial statement. However, we recognize that it has a broader colloquial meaning, and we will treat it as such.

The question we are confronted with is not without doubt, but considering the conflict in the decisions of other States, and the tenor of the decisions of this State, and upon considerations of general reasoning, we hold that the warranty in these deeds extended only to the title to the premises described in the deeds in so far as it is a warranty of real estate, and only to the title to the other articles therein described. We construe the deeds as conveying fixtures located on the conveyed premises as real estate, and as conveying similar articles located elsewhere as personalty. It is true that the well which was on the city's property can not be considered as personalty, but, though the deed describes the pumps, it makes no reference to the well. The bathroom may be considered as personalty. Compare *Wolff* v. *Sampson,* supra, where a water-closet was involved. To hold otherwise seems to us to be making a new trade for the parties; and while in some cases, especially cases involving fraud, accident, or mistake, the courts will cause to be consummated between the parties the trade actually made between them, rather than the one shown by the *evidence* of the agreement as written, they are always very cautious in doing so; and can not do so in a plain action at law such as is presented by the first count

in this case. It is possible that if the parties had known that some of this property was on the city's land the trade would still have gone through, as it did, and at the same price; but it is equally possible that if this fact had come to the attention of the parties in advance, the trade might not have gone through at all, or that it might have gone through by the seller's buying the additional property from the city, and increasing the purchase price accordingly. We are not holding that deeds containing such descriptions as "the manufacturing plant of A, and the lands on which the same is located, together with all machineries belonging thereto," followed by a description of the land, not adequate under the metes and .bounds given, to convey all the plant, may not be construed as conveying lands beyond the boundaries given in a particular description in order to include all of the land occupied by the plant; but the descriptions here are different from that. In *Bank of Bullochville* v. *Riehle, 36 Ga. App.* 470 (137 S. E. 642), there prevailed a somewhat similar state of facts but under a plea which sought damages on fraudulent representations as to the boundaries, and the question here made was not determined.

■ This leaves count two to be considered. This seeks reformation of the deeds so as to make the description include the 22½-foot strip which lay within the limits of the street. A deed is a contract, and, as in cases of other contracts, is subject to be reformed in equity to make it truly speak the legally ascertained intention of the parties in proper cases; and one of those cases is where the writing, by reason of mistake, does not truly express what the parties agreed on. The word "mistake" as here used has, however, a somewhat technical meaning. "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power should be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." Code, § 37-202. "Equity will not reform a written contract unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only." § 37-207. "A distinction exists between reforming .a contract and executing a contract in case of mistake. To authorize the former, the court shall be satisfied by the evidence that the mistake was mutual; but the court may re-

fuse to act in the latter case if the mistake shall be confined to the party refusing to execute." § 37-208. "Ignorance by both parties of a fact shall not justify the interference of the court." § 37-210. There are other instances which justify reformation, but they are not material here.

The demurrer challenged the sufficiency of the allegation to show a relievable case of mistake of fact. The allegations on this subject are: "6. The plaintiff shows that while both the aforementioned deeds described the property conveyed as lots 5 and 6, square 26, in the City of Macon, and a certain previously granted encroachment, which said lots and encroachment were of the dimensions stated therein, yet that it was the contract and so intended by the parties to each said deed to convey to each grantee all the ground upon which the purchased buildings, with machinery and equipment attached thereto, stood. 7. That by mutual mistake of the parties all the land intended to be conveyed was not properly described in either the deed from Sawyer Coal & Ice Company to Macon Ice Service Company or in the deed from Macon Ice Service Company to the Kinnett-Odom Company, which is evidenced by the fact that after obtaining the deed from the Macon Ice Service Company, petitioner discovered that certain of said buildings and attachments thereto formerly believed to be on the land described in the deed in reality extended and encroached over upon Mulberry Street adjoining twenty-two and five-tenths (22.5) feet, more or less. 8. Plaintiff alleges that it was therefore the contract and the intention of the grantor and grantee in each aforementioned and described deed to respectively convey and receive title to said 22.5 feet tract lying in Mulberry Street, upon which tract said buildings extended." The rules of pleading in this State require that allegations of the mistake should be set forth with considerable definiteness and certainty, and that such general allegations as that certain matters were left out of or included in the contract as written "by mutual mistake of the parties" are not sufficient. *Dover* v. *Burns*, 186 *Ga.* 19 (196 S. E. 785); *Gamble* v. *Knott*, 40 *Ga.* 199.

The petition in this case does in the sixth paragraph allege that it was the contract and the intention of the parties that the deeds should convey to the grantee all the lands on which the purchased buildings and machinery stood; and this, taken in connection with

other allegations, means that they contracted to convey and intended to convey the 22½-foot strip belonging to the city. Standing alone, this would be sufficient as far as it goes. But it does not stand alone, for in paragraph 7 it is alleged that the mistake in this respect "is evidenced by the fact that after obtaining the deed from the Macon Ice Service Company petitioner discovered that certain of said buildings and attachments theretofore formerly believed to be on the land described in the deed in reality extended and encroached over upon Mulberry Street adjoining 22½ feet." The effect of this is made plainer by paragraph 8, which alleges that "it was *therefore* the contract and intention of this grantor and grantee" in the deeds to make them include the 22½-foot strip.

Allegations are taken most strongly against the pleader. Thus construed, the allegations are not to be taken as meaning that the parties ever actually agreed that the deeds should include the 22½-foot strip which the grantor did not own; but rather as asserting as somewhat of a res ipsa loquitur, that, because it was discovered that some of the machineries and fixtures were on the city's land, it must be inferred that there was a contract and an intention to include the strip in the deed. It seems to us that the more reasonable inference is that if the grantor had known that these machineries, etc., were on the city's land, he would not have been willing to convey that land without first acquiring it from the city, and adjusting the price accordingly. If the minds of the parties met upon the proposition that the grantor should, for the consideration named, convey to the grantee all the land on which the building and machineries stood, and that by mistake of fact (i. e., that by reason of both parties believing that the dimensions given in the deed included the extra strip) the deed failed to set out correctly what was agreed on, and these things were alleged with definiteness and certainty and not merely as a conclusion or by way of inference, a wholly different question would be presented. We refrain from further discussion as to what would or would not be sufficient in this respect. The result of our holding is that the judgment must be *Reversed. All the Justices concur.*