42948. ROBERTS v. WILLIAMSON.

ARGUED JULY 10, 1967—DECIDED OCTOBER 26, 1967.

*Albert E. Butler, Thomas & Thomas,* for appellant.

*Gibbs & Leaphart, J. Alvin Leaphart, Cowart, Sapp, Alaimo & Gale, A. A. Alaimo,* for appellee.

BELL, Presiding Judge. Where a deed describes land as bounded on one side by the land of a third person, the boundary line of the land conveyed must be taken as the true boundary line of the land of the third person and not the line as it was understood to exist at the time of the execution of the deed, if there is a variance. *Hall v. Davis,* 122 Ga. 252, 253 (50 SE 106). While the deed here also described courses and distances as shown in an attached plat, these must yield, as courses and distances occupy the lowest grade in the scale of evidence as to the identity of land. *Riley v. Griffin,* 16 Ga. 141, 148 (60 AD 726). The calls of the deed are for the right of way lines and along them, thus fixing the right of way lines, wherever they may be, as the true boundaries of the land conveyed. *Morgan v. Godbee,* 146 Ga. 352, 354 (91 SE 117). Thus none of the land traversed by the right of way was included in the conveyance to plaintiff. As a matter of law under the pleadings and the evidence adduced on motion for summary judgment, plaintiff was not entitled to recover damages for a breach of warranty of title, as covenants of title do not apply to land not included in the conveyance. *Littleton v. Green,* 130 Ga. 692 (61 SE 593); *White & Corbitt v. Stewart & Co.,* 131 Ga. 460, 465 (62 SE 590). There being no genuine issue of material fact extant in the case, the trial court did not err in granting summary judgment for defendant.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*