24481. WEATHERS BROTHERS TRANSFER COMPANY, INC. v. LOYD.

ARGUED FEBRUARY 13, 1968—DECIDED MARCH 7, 1968— REHEARING DENIED MARCH 21, 1968.

158

*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, Benjamin L. Johnson*, for appellant.

*Carl T. Hudgins*, for appellee.

NICHOLS, Justice. The first question for consideration in determining whether the trial court erred in sustaining the defendant's demurrers is whether the warranty deed attempted to convey more property than the defendant owned. The deed read in part: "All that tract or parcel of land . . . described as follows: to arrive at the point of beginning start . . . then run west 1,346.55 to a joint located on the western boundary of the right of way of the northeast expressway, which point is the point of beginning; then from said point of beginning running . . . west a distance of 426.4 feet to a point . . . shown and delineated on a plat of survey . . . dated . . . containing four and nine-tenths (4.9) acres (approximately) . . ." The plat, also attached as an exhibit showed the location of the "expressway" to be approximate as well as the designation of the "4.9 acres." The southeast and southwest corners were shown to be marked by monuments (iron pins), and two sides of the property contained no measurements whatsoever according to such plat.

"In *Georgia Railroad & Banking Co. v. Hamilton*, 59 Ga. 171, it was held: 'When a deed, referring to a plat annexed thereto, shows that the land conveyed was bounded on one side by a street, and on the other by the right of way of the plaintiff, the land conveyed by the plaintiff to the defendant in such deed prima facie extends only from the street to the right of way, though the plat had five hundred feet written thereon as the distance from the street to the right of way, and though the distance between the two points was less than five hundred

feet.' In *Brantly v. Huff*, 62 Ga. 532, it was held that in tracing boundaries, courses and distances yield to permanent physical monuments, natural and artificial, and in the opinion it was said that 'courses and distances are among the lowest indicia of boundary—not the highest.' To the same effect, see *Riley v. Griffin*, 16 Ga. 141 (7, 11) (60 AD 726). In *Harris v. Hull*, 70 Ga. 831, it was held: 'What is most material and most certain in a description shall prevail over that which is less material and less certain. Courses and distances and computed contents yield to ascertained boundaries and monuments.' In the opinion, it was stated that it seems to be the universal rule that courses and distances must yield to natural, visible, and ascertained objects, and that the rule rests upon the presumption that all grants and conveyances are made with reference to an actual view of the premises by the parties. In *Leverett v. Bullard*, 121 Ga. 534 (2) (49 SE 591), it was said that, 'Whenever in a conveyance the deed refers to monuments actually erected as the boundaries of the land, it is well settled that these monuments must prevail, whatever mistakes the deed may contain as to courses and distances.'" *Stewart v. Latimer*, 197 Ga. 735, 741 (30 SE2d 633).

" 'Where one purchases a tract of land and boundaries are pointed out to him by the seller, and a warranty deed is executed, intended to convey the land so pointed out, but in fact only describing a part of the land, the purchaser cannot recover from the seller damages for a breach of warranty contained in the deed, on the ground that some of the land contracted to be purchased was omitted from the description in the deed.' It is also said that 'This is so for the reason that covenants of title do not apply to land omitted from the description in the deed.' *Morgan v. Godbee*, 146 Ga. 352, 355 (91 SE 117); *Littleton v. Green*, 130 Ga. 692 (61 SE 593)." *Sawyer Coal & Ice Co. v. Kinnett-Odom Co.*, 192 Ga. 166, 171 (14 SE2d 879).

The sale was by the tract and not by the acre, the reference to the approximate acreage being mentioned only by way of description and not by way of covenant, and no actual fraud being alleged, the petition failed to set forth a cause of action based on the mention of the acreage content in the deed and

plat (see *Kendall v. Wells*, 126 Ga. 343 (55 SE 41)), and unlike the case of *Norris v. Coffee*, 206 Ga. 759 (58 SE2d 812), the deed did not include within the boundaries described land the title to which was owned by another.

The deed, and plat referred to therein, showed the deed to be one wherein the description is controlled by monuments upon the land. Thus the fact that the southern boundary contained less footage than is shown in the deed would not authorize a recovery for breach of warranty or a setoff against the purchase money notes secured by the deed to secure debt to the seller. Accordingly, the judgment of the superior court sustaining the defendant's general demurrer to the plaintiff's petition was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*