Argued February 4, affirmed May 22, 1975

# GREEN ET UX, *Appellants, v.*
# AYRES, *Respondent.*

535 P2d 762

*Roger C. Tragesser* of Lovett, Stiner & Fasano, P.C., Portland, argued the cause and filed briefs for appellants.

*Thomas A. Huffman* of Huffman and Zenger, Hillsboro, argued the cause and filed a brief for respondent.

O'CONNELL, C. J.

This is an action at law to recover damages for the breach of a covenant against encumbrances in a land sale contract. Plaintiffs recovered damages in the district court. Defendant appealed to the circuit court where the case was submitted to the court on stipulated facts. The circuit court entered judgment for defendant. Plaintiffs appeal, alleging as error the conclusion of the trial court that the covenant had not been breached.

The facts are undisputed. On May 12, 1959, the parties executed a contract obligating plaintiffs to buy and defendant to sell a parcel of improved real estate near Cornelius, Oregon. As a part of this contract, defendant covenanted that the property was free from encumbrances. Approximately 12 years later, plaintiffs contracted to sell the property to a third party. The contract contained a covenant against encumbrances. Prior to closing this second transaction, the third party discovered that the build-

ing on the property extended four feet across the boundary of record onto the land of a neighbor. This encroachment had existed for over 30 years. The third party made a demand upon plaintiffs "to remove the encumbrance." Plaintiffs thereupon tendered to defendant the claim made by the third party demanding the removal of the "encumbrance." Thereafter, plaintiffs removed the encroaching portion of the building and added a new wall at a cost of $1,040.30, which they now seek to recover as damages for the breach of the covenant against encumbrances.

The trial court held that plaintiffs failed to prove that the encroachment constituted an encumbrance at the time the action was brought because the long, continuous and open possession of the adjoining land by the existence of the encroaching building raised a presumption of adverse possession which was not rebutted by plaintiffs. We agree with the trial court's analysis.

It is established in Oregon by *Kennell v. Tandy*, 126 Or 528, 531, 270 P 473, 60 ALR 232 (1928) that where land and a building are conveyed and a part of a building encroaches upon adjoining property, as in the present case, the encroachment constitutes an encumbrance if the adjoining owner insists on its removal. In so holding, the court relied upon *Fehlhaber v. Fehlhaber*, 8 Misc 149, 140 NYS 973, 974 (1913), where the court said:

"The encroachment of the building upon the adjacent land created a right in the owner of the adjacent land, which, while it did not interfere with the passage of the fee, did impair the value of the property conveyed by the defendant to the plaintiff. Under the circumstances disclosed by the record, the encroachment was material and substantial. It was, therefore, an encumbrance, and as such within the terms of the covenant. The existence of the encumbrance caused damage to the

plaintiff, and the expense which was incurred in its removal may properly be recovered as damages, provided that the damages recoverable shall not exceed the purchase price, with interest. Reeves on Real Property, vol. 2, p. 1229."

It is to be noted that in both *Kennell v. Tandy* and *Fehlhaber v. Fehlhaber* the encroachment gave rise to rights in the adjoining owner to the detriment of the covenantee. As one writer has observed, "[a]n artificial structure does not in itself constitute an incumbrance. There must be some legally enforceable right in some third person in the artificial character before it is an incumbrance."[1]

The question is, then, whether in the present case there was an enforceable right in the adjoining owner constituting a detriment to the covenantee. According to the stipulated facts "[t]he building [which] constitutes the encroachment complained of by plaintiffs was constructed and as sold to the plaintiff[s], was in existence for more than 20 years and in the possession of the defendant without notice of encroachment or encumbrance for more than ten years prior to the demand for payment or removal of the encroaching portion of the building."

Thus it is undisputed that prior to the conveyance by defendant to plaintiffs, defendant had maintained the encroachment for more than 20 years. If the occupation of the neighboring land encroached upon was adverse, the adjoining owner would have lost his right to complain and the encumbrance would no longer exist; on the other hand, if the possession was permissive, then the adjoining owner would continue to have a claim and the right to assert the claim against plaintiffs would constitute a breach of the covenant against encumbrances.

---

[1] Comment, 7 Ohio St L J 67 at 68 (1940).

Since there is no evidence as to whether the encroachment was adverse or permissive, the issue becomes one of allocating the burden of proof. Plaintiffs, in suing for the breach of the covenant against encumbrances, had the burden of showing the existence of a right in another deterimental to the title conveyed.[2] Plaintiffs would have met this burden if the evidence merely showed that the building encroached upon the adjoining land. But the evidence showed more than this. As we have noted, it was stipulated that the encroachment had continued for more than 20 years before the conveyance to plaintiffs. It is well established that where a person is in possession of the land of another under circumstances which characterizes the occupancy of an owner, the proof of such occupancy makes out a *prima facie* case of adverse possession.[3] This principle was applied in *Wildove v. Papa,* 223 App Div 211, 228 NYS 211, 215 (1928), where a building encroached upon adjoining land as in the present case. The court held that "[w]here such encroachment is so open and notorious and has continued for so long a time, [30 years] it is presumed that it is being held adversely * * *."

In the present case there was no evidence adduced by plaintiff that defendant's possession was other than adverse. Plaintiffs not having met their burden of showing a breach of the covenant against encumbrances, the judgment must be affirmed.

Affirmed.

---

[2] Friendly v. Ruff, 61 Or 42, 100 P 745 (1912).

[3] In Anderson v. Richards, 100 Or 641, 651, 198 P 570 (1921) the court, after reciting various possessory acts of the claimant, said: "* * * This evidence made a *prima facie* case for the plaintiff and raised the presumption that his entry had been one of right, and his claim one of ownership, and the defendant failing to show that such entry and holding had been in subordination to his title, or to the title of those under whom he held, then plaintiff rightfully prevailed over defendant."